(No. 85897.—

## THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. TAFFORD LEE HOLMAN, Appellant.

*Opinion filed April 20, 2000.—Rehearing denied May 30, 2000.*

FREEMAN, J., joined by HARRISON, C.J., and McMORROW, J., dissenting.

Stephen E. Eberhardt, of Tinley Park, and Robert H. Farley, Jr., of Naperville, for appellant.

James E. Ryan, Attorney General, of Springfield (Joel D. Bertocchi, Solicitor General, and William L. Browers, Assistant Attorney General, of Chicago, of counsel), for the People.

JUSTICE MILLER delivered the opinion of the court:

The defendant, Tafford Lee Holman, brings this appeal from an order by the circuit court of Will County dismissing, without an evidentiary hearing, his second post-conviction petition. Because the defendant received the death penalty for one of the underlying offenses, the present appeal is to this court. 134 Ill. 2d R. 651(a). We now affirm the judgment of the circuit court.

The defendant was convicted of murder and other offenses and was sentenced to death in 1981. On direct appeal, this court affirmed certain of the defendant's convictions but vacated his death sentence and remanded the cause for a new sentencing hearing. *People v. Holman*, 103 Ill. 2d 133 (1984). The United States Supreme Court denied the defendant's petition for a writ of *certiorari*. *Holman v. Illinois*, 469 U.S. 1220, 84 L. Ed. 2d 347, 105 S. Ct. 1204 (1985). On remand, the defendant was again sentenced to death, and this court affirmed the defendant's sentence on appeal. *People v. Holman*, 132 Ill. 2d 128 (1989). The United States Supreme Court denied the defendant's petition for *certiorari. Holman v. Illinois*,

497 U.S. 1032, 111 L. Ed. 2d 804, 110 S. Ct. 3296 (1990). The defendant then filed a petition for post-conviction relief in the circuit court of Will County. The circuit court dismissed the petition, and this court affirmed the order of dismissal. *People v. Holman*, 164 Ill. 2d 356 (1995). The United States Supreme Court once again denied *certiorari. Holman v. Illinois*, 516 U.S. 976, 133 L. Ed. 2d 407, 116 S. Ct. 478 (1995). The defendant later instituted *habeas corpus* proceedings in federal court. The district court granted the defendant relief, on grounds unrelated to those raised here, but the court of appeals reversed that judgment. *Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997). The United States Supreme Court denied review. *Holman v. Page*, 524 U.S. 1090, 140 L. Ed. 2d 179, 118 S. Ct. 1169 (1998).

The defendant commenced the present proceeding on March 11, 1998. In a *pro se* petition, the defendant raised several interrelated grounds for relief, all of which were based on this court's decisions in *People v. Brandon*, 162 Ill. 2d 450 (1994), and its progeny, including *People v. Gevas*, 166 Ill. 2d 461 (1995), *People v. Kinkead*, 168 Ill. 2d 394 (1995), *People v. Birdsall*, 172 Ill. 2d 464 (1996), *People v. Nitz*, 173 Ill. 2d 151 (1996), and *People v. Britz*, 174 Ill. 2d 163 (1996). That line of authority equated the use of psychotropic drugs with a *bona fide* doubt of fitness to stand trial and recognized, as a matter of due process, a right to a fitness hearing in the provisions of section 104—21(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/104—21(a) (West 1992)). When *Brandon* was decided, and at the time of this defendant's trial and sentencing hearing, section 104—21(a) provided, "A defendant who is receiving psychotropic drugs or other medications under medical direction is entitled to a hearing on the issue of his fitness while under medication." 725 ILCS 5/104—21(a) (West 1992). The statute has been amended twice since *Brandon* was decided (Pub. Act 89—

208

428, § 605, eff. December 13, 1995; Pub. Act 89—689, § 90, eff. December 31, 1996); section 104—21(a) currently provides, "A defendant who is receiving psychotropic drugs shall not be presumed to be unfit to stand trial solely by virtue of the receipt of those drugs or medications." 725 ILCS 5/104—21(a) (West 1998).

The defendant alleged in the present post-conviction petition that he was receiving a psychotropic drug under medical direction during his trial and sentencing hearing and that a fitness hearing therefore should have been conducted for him. The defendant further alleged that trial counsel was ineffective for failing to seek the hearing that the *Brandon* line of cases held was required under the statute. The trial judge appointed counsel to represent the defendant in proceedings on the petition.

The State moved to dismiss the defendant's post-conviction petition, arguing that it was untimely, that it was barred as a successive petition, and that it was barred by principles of waiver and *res judicata*. Following a hearing on the State's motion, the trial judge dismissed the petition. In a written opinion, the judge expressed the view that the defendant could not make use of the rule announced in the *Brandon* line of cases. The trial judge noted that the defendant did not allege that his consumption of psychotropic drugs had affected his understanding of the proceedings against him. The judge commented on the need for finality in the legal system and observed that *Brandon* was decided after this court had affirmed the defendant's convictions and death sentence on appeal. The judge pointed out that all the prior decisions involving the defendant, from this court and from the federal court of appeals, had failed to find any violations of due process in the proceedings that resulted in the defendant's convictions and death sentence. The defendant's appeal to this court followed. 134 Ill. 2d R. 651(a).

As a preliminary matter, we note that the defendant has filed a motion asking this court to stay the present appeal and to permit the parties to submit supplemental briefs addressing our recent decision in *People v. Mitchell*, 189 Ill. 2d 312 (2000), which rejected the doctrine expressed in the *Brandon* line of authority equating the consumption of psychotropic drugs with a *bona fide* doubt of fitness to stand trial. We ordered the motion taken with the case, and we now deny it. We do not believe that further briefing is necessary, and we are prepared at this time to resolve the present appeal. The defendant has also submitted a separate motion requesting leave to file a short response to the State's citation of *Mitchell* as additional authority. Again we ordered the motion taken with the case. We now allow it, and we have considered the defendant's response in our disposition of the present appeal.

The Post-Conviction Hearing Act (725 ILCS 5/122—1 through 122—7 (West 1996)) provides a means by which a defendant may challenge his conviction or sentence for violations of federal or state constitutional rights. *People v. Tenner*, 175 Ill. 2d 372, 377 (1997). An action seeking post-conviction relief is a collateral proceeding, not an appeal from the underlying judgment. *People v. Evans*, 186 Ill. 2d 83, 89 (1999). To be entitled to post-conviction relief, a defendant must establish a substantial deprivation of federal or state constitutional rights in the proceedings that resulted in the conviction or sentence being challenged. *People v. Morgan*, 187 Ill. 2d 500, 528 (1999). Because of considerations of *res judicata* and waiver, the scope of post-conviction review is limited "to constitutional matters which have not been, and could not have been, previously adjudicated." *People v. Winsett*, 153 Ill. 2d 335, 346 (1992). Thus, issues that were raised on appeal from the underlying judgment of conviction, or that could have been raised but were not, ordinarily will

not be considered in a post-conviction proceeding. *People v. West*, 187 Ill. 2d 418, 425 (1999). Principles of fundamental fairness, however, will support relaxation of the doctrines of waiver and *res judicata* when appropriate. *People v. Neal*, 142 Ill. 2d 140, 146 (1990).

The Act generally limits a defendant to one post-conviction petition. *People v. Flores*, 153 Ill. 2d 264, 273 (1992); *People v. Free*, 122 Ill. 2d 367, 375 (1988). Section 122—3 of the Act expressly states, "Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122—3 (West 1996). Exceptions have been made to that requirement in a limited range of circumstances. When the proceedings on the initial petition are deficient in some fundamental way, this court has permitted defendants to file a further petition. See *Flores*, 153 Ill. 2d at 273-74; *Free*, 122 Ill. 2d at 376.

The present post-conviction petition, which is the defendant's second, must therefore be deemed barred unless the defendant can justify bringing a successive petition. This court has previously referred to the cause and prejudice standard as an aid in determining whether a successive post-conviction petition may proceed. *Flores*, 153 Ill. 2d at 279; see also *People v. Wright*, 189 Ill. 2d 1, 42-43 (Bilandic, J., specially concurring). The United States Supreme Court applies that standard in evaluating successive *habeas corpus* actions. *McCleskey v. Zant*, 499 U.S. 467, 113 L. Ed. 2d 517, 111 S. Ct. 1454 (1991). Under this standard, the term " 'cause' has been defined as ' "some objective factor external to the defense [that] impeded counsel's efforts" to raise the claim' in an earlier proceeding. (*McCleskey*, 499 U.S. at 493, 113 L. Ed. 2d at 544, 111 S. Ct. at 1470, quoting *Murray v. Carrier* (1986), 477 U.S. 478, 488, 91 L. Ed. 2d 397, 408, 106 S. Ct. 2639, 2645.)" *Flores*, 153 Ill. 2d at 279. The term "prejudice" has been defined "as an error which ' "so

infected the entire trial that the resulting conviction violates due process." ' " *Flores*, 153 Ill. 2d at 279. We do not believe that the defendant can make either showing here.

In the present petition, the defendant alleges that he was receiving psychotropic drugs under medical direction during the proceedings against him. The sole premise of the current petition is that *Brandon* and its progeny require that the defendant be granted relief. With the *Brandon* line of authority having been overruled, it is as though the doctrine expressed in those decisions never existed, and the defendant now occupies essentially the same position he did before those cases were decided. Because post-conviction relief extends only to deprivations of constitutional rights, the defendant must assert a constitutional basis for the present petition. As *Mitchell* confirms, the right guaranteed by section 104—21(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/104—21(a) (West 1994)) is wholly statutory, and the only constitutional ground on which the defendant may now seek relief is his contention that trial counsel was constitutionally ineffective for failing to request a fitness hearing in this case.

We do not believe that the defendant has demonstrated cause and prejudice for his failure to raise this argument at an earlier point in the history of this case. With respect to the "cause" portion of the inquiry, we are unable to discern any objective circumstance that would have prevented the defendant's lawyers from raising the same issue in the defendant's initial post-conviction petition. The defendant has presented no basis for us to excuse his failure to present this issue in the earlier petition. Regarding the "prejudice" aspect of the inquiry, we cannot say that counsel's failure to request a fitness hearing constituted an error that so infected the proceedings at trial and sentencing that the defendant's

convictions and death sentence must be considered violations of due process. Apart from the bare assertion that the defendant was receiving psychotropic drugs under medical direction at the time of the proceedings against him, the record before us contains no showing of the frequency or extent of the defendant's medication, and thus nothing that would cause us to question the general statutory presumption of fitness (725 ILCS 5/104—10 (West 1994) ("A defendant is presumed to be fit to stand trial or to plead, and be sentenced")).

The *Brandon* line of authority, which equated the consumption of psychotropic drugs with a *bona fide* doubt of fitness, has been overruled, and thus it no longer provides any basis for the present post-conviction petition. The defendant could have challenged, in his initial post-conviction petition, his trial and sentencing lawyers' failure to request a fitness hearing for him, yet he did not do so. As noted earlier, it is well established that claims not raised in an original or amended post-conviction petition are waived. 725 ILCS 5/122—3 (West 1996). We find no fundamental deficiency in the earlier proceeding that would warrant consideration of this late claim here. Because all the matters raised in the present post-conviction petition depend on the *Brandon* line of cases, and because this court's decision in *Mitchell* has overruled that authority, we must affirm the judgment of the circuit court, which dismissed the defendant's petition.

For the reasons stated, the judgment of the circuit court of Will County is affirmed. The clerk of this court is directed to enter an order setting Tuesday, September 19, 2000, as the date on which the sentence of death, entered in the circuit court of Will County, is to be carried out. The defendant shall be executed in the manner provided by law. 725 ILCS 5/119—5 (West 1998). The clerk of this court shall send a certified copy of the

mandate in this case to the Director of Corrections, to the warden of Tamms Correctional Center, and to the warden of the institution where the defendant is now confined.

*Judgment affirmed.*

JUSTICE FREEMAN, dissenting:

I disagree with the result reached by the court for the reasons stated in my dissents in *People v. Mitchell*, 189 Ill. 2d 312, 362 (2000) (Freeman, J., dissenting, joined by Harrison, C.J., and McMorrow, J.), and *People v. Jones*, 191 Ill. 2d 194, 202-03 (2000) (Freeman, J., dissenting, joined by Harrison, C.J., and McMorrow, J.). The present case essentially mirrors that of defendant Jones. As in that case, I would decide this appeal, along with its procedural complexities, on the basis of the law as it stood prior to the issuance of *Mitchell*. See *Mitchell*, 189 Ill. 2d at 393-94 (Freeman, J., dissenting, joined by Harrison, C.J., and McMorrow, J.).

I also wish to express my strong disagreement with the court's decision to deny defendant's request for additional briefing in order to address the changes in law brought about by *Mitchell* and their effect on this case. In *Mitchell*, this court reexamined the validity of past precedent *sua sponte*. Since this court issued its opinion in *Mitchell*, we have allowed parties to file supplemental briefs addressing the changes in the law in two cases that are pending—People v. Johnson, No. 84146 (order entered February 29, 2000), and People v. Jamison, No. 80967 (order entered March 21, 2000). Because defendant's attorneys in this case could not have known of the changes in this area of the law prior to the filing of their original briefing materials, I would give defendant the same opportunity to reargue his claims that the court gave to defendants Johnson and Jamison. I, therefore, would grant defendant's motion.

214

CHIEF JUSTICE HARRISON and JUSTICE Mc-MORROW join in this dissent.