THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY JONES, a/k/a Tonya Star, Defendant-Appellant.

First District (2nd Division)     No. 1—97—1299

Opinion filed March 30, 2001.—Rehearing denied April 24, 2001.

Michael J. Pelletier and Maria A. Harrigan, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, William D. Carroll, Alan J. Spellberg, and Kathleen Bom Lang, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McBRIDE delivered the opinion of the court:

In April of 1987, defendant Anthony Jones (petitioner) was found guilty by a jury of the murder of his 93-year-old great-grandmother Estella Small and the aggravated battery of Ms. Small's 61-year-old caregiver, Dorothy Hill. Jones was sentenced to an extended term of 80 years' imprisonment for the murder and a concurrent term of 5 years for the aggravated battery. These judgments were affirmed on direct appeal by this court in an unpublished order. *People v. Jones*, 187 Ill. App. 3d 1123 (1989).

Since that order was entered Jones has sought postconviction relief on more than one occasion pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.* (West 1998)).

Two of Jones' postconviction challenges have been unsuccessful on appeal to this court, *People v. Jones*, No. 1—95—0207 (1995) (unpublished order under Supreme Court Rule 23), and *People v. Jones*, No. 1—96—2486 (1996) (unpublished order under Supreme Court Rule 23). In one of those orders, No. 1—95—0207, this court found the previous petition untimely.

The current appeal stems from the dismissal of what Jones and the respondent (State) both agree is Jones' sixth postconviction petition. The subject petition, dated January 7, 1997, was filed on January 29, 1997. On January 31, 1997, the trial judge dismissed the petition on grounds that the circuit court lacked jurisdiction because one of petitioner's previous postconviction petitions was still pending on appeal at the time of the filing of the instant petition.

Neither Jones nor the State has specifically addressed the grounds upon which the trial judge dismissed the petition. Instead, both have proceeded under the theory that the petition was dismissed without an evidentiary hearing because it failed to allege the gist of a constitutional claim.

As noted earlier, the current petition represents Jones' sixth effort at postconviction relief. The *pro se* petition alleges that numerous errors occurred during Jones' trial. Jones also filed a memorandum of law in support of his claims. We will discuss only those claims that are raised by Jones in this appeal. *People v. Coleman*, 183 Ill. 2d 366, 378, 701 N.E.2d 1063, 1070 (1998).

Jones contends that the trial court improperly dismissed the petition without an evidentiary hearing. He argues that although his petition was untimely, and successive, fundamental fairness requires an

evidentiary hearing and appointment of counsel on this sixth petition because it stated the gist of a substantial constitutional claim. More specifically, Jones claims that the trial court violated his constitutional rights when it failed to conduct a fitness hearing based upon his alleged ingestion of the psychotropic drug Haldol at or near the time of his trial and sentencing. Jones also claims his appointed postconviction counsel was ineffective because the attorney never amended a previous petition to include the issue of fitness to stand trial based upon his ingestion of psychotropic medications. Thus, Jones claims he was entitled to an evidentiary hearing. For this proposition he relies primarily on *People v. Neal*, 179 Ill. 2d 541, 689 N.E.2d 1040 (1997).

The State cites numerous reasons for affirming the dismissal of the sixth petition but does not discuss the reason given by the trial judge as the basis for the dismissal. The State argues that the sixth petition is untimely and that Jones has not alleged facts demonstrating his lack of culpable negligence. Citing *People v. Whitehead*, 169 Ill. 2d 355 (1996), and *People v. Coleman*, 168 Ill. 2d 509 (1995), the State additionally argues that principles of waiver and *res judicata* bar consideration of the issues because Jones could have raised the question of fitness with medication in the prior petitions. The State further argues that Jones' allegations that he was taking Haldol at or near the time of trial or sentencing are not supported by the medical records he relies upon and that fundamental fairness does not dictate a relaxation of the waiver rule in this particular case given these particular facts. Although neither Jones nor the State has addressed the trial court's reasons for dismissing the petition, we believe the trial court could have properly dismissed Jones' petition where a previous postconviction petition had not yet been resolved. See *People v. Lieberman*, 186 Ill. App. 3d 277, 281, 542 N.E.2d 894 (1989). We note that the record before us does not indicate whether a previous petition was pending when Jones filed this current petition. Additionally, because the parties have fully briefed the issues and both sides agree that the petition was dismissed without an evidentiary hearing, we will address the merits of this appeal.

We agree with the State that Jones' claims are barred because the petition is untimely, that the fitness issue raised in this sixth petition is barred by principles of waiver and *res judicata*, that Jones' claim he was taking psychotropic drugs at the time of his trial and sentencing is not supported by the record, and that fundamental fairness would not suggest a relaxation of those rules in this particular case so as to permit consideration of any of Jones' claims. *People v. Flores*, 153 Ill. 2d 264, 606 N.E.2d 1028 (1992). However, we also conclude that neither of the issues raised by Jones amounts to a cognizable constitu-

tional claim. Several recent decisions by our supreme court have resolved the fitness issue so we will address that question first.

In a series of decisions beginning with *People v. Mitchell*, 189 Ill. 2d 312, 727 N.E.2d 254 (2000), the supreme court held that an allegation the trial court violated petitioner's due process rights when it failed to conduct a fitness hearing based upon petitioner's ingestion of psychotropic drugs is not a cognizable constitutional claim in a postconviction proceeding. *Mitchell*, 189 Ill. 2d at 328-29. In *Mitchell*, our supreme court stated:

"Due process does not require that everyone taking 'psychotropic or other medication' under medical direction should be granted a fitness hearing. Section 104—21(a)'s provision is merely a statutory right granted by the legislature—a right that the legislature has now taken away. See 725 ILCS 5/104—21(a) (West 1998). Statutes do not confer constitutional rights, and the allegation of a deprivation of a statutory right is not a proper claim under the [Post-Conviction Hearing] Act." *Mitchell*, 189 Ill. 2d at 329.

In *People v. Jones*, 191 Ill. 2d 194, 730 N.E.2d 26 (2000), the court reiterated *Mitchell*'s holding that the trial court's failure to conduct a fitness hearing after an allegation of petitioner's ingestion of psychotropic drugs at the time of trial is not a cognizable constitutional deprivation for purposes of postconviction review. *Jones*, 191 Ill. 2d at 199.

In a subsequent case also entitled *People v. Jones*, 191 Ill. 2d 354, 732 N.E.2d 573 (2000), the supreme court once again relied upon its reasoning in *Mitchell* and concluded that petitioner's claim he was denied due process because of the trial judge's failure to conduct a fitness hearing based upon petitioner's ingestion of psychotropic drugs at the time of his plea and sentencing was procedurally barred because such claim was not cognizable in postconviction proceedings. *Jones*, 191 Ill. 2d at 359.

Accordingly, we find Jones has failed to present a constitutional-deprivation claim based upon his allegation that he did not receive a fitness hearing at the time of his trial and sentencing. Although the failure to allege a constitutional deprivation was not the reason the trial court dismissed Jones' most recent petition, we may sustain the order on appeal for reasons other than those given by the trial court. *People v. Lieberman*, 186 Ill. App. 3d at 282.

Jones next claims that he raised the gist of a constitutional claim because postconviction counsel failed to amend one of Jones' previous postconviction petitions to include the allegations of unfitness due to the ingestion of psychotropic medication at or near the time of trial and sentencing. Although Jones concedes he is only entitled to a rea-

sonable level of assistance of counsel at postconviction proceedings, he contends that his postconviction counsel's failure to amend the petition to allege unfitness was less than a reasonable level of representation and therefore created a constitutional claim. We disagree and find that Jones has failed to allege a constitutional deprivation on this question as well. Allegations by a petitioner of the failure of postconviction counsel to provide reasonable assistance at a prior postconviction proceeding do not present a constitutional basis upon which relief can be granted under the Post-Conviction Hearing Act. See *Flores*, 153 Ill. 2d at 276 (holding that the right to reasonable level of assistance at postconviction level is statutory and not derived from either federal or state constitution; thus, claims of ineffective assistance of postconviction counsel at a prior postconviction proceeding do not amount to a constitutional claim upon which relief may be granted under the Act). *Flores* also pointed out that the Act provides a forum to address claims of a constitutional magnitude that occurred in the proceeding that resulted in the petitioner's conviction.

"The Act does not, however, provide a forum to test the propriety of conduct at an earlier postconviction proceeding. Thus, where a petitioner files a second or subsequent postconviction petition wherein he claims ineffective assistance in his first postconviction proceeding, consideration of those claims is beyond the scope of the Act." *Flores*, 153 Ill. 2d. at 277.

Therefore, we hold that Jones has failed to allege the gist of a constitutional claim by the allegation that his postconviction counsel was ineffective or, more precisely, did not provide the requisite reasonable level of assistance by failing to amend a previous petition to include the allegation of unfitness due to the ingestion of psychotropic drugs at or near the time of the trial and sentencing. Morever, because such allegations did not occur in the proceedings that resulted in Jones' conviction, they are beyond the scope of the Act. *Flores*, 153 Ill. 2d at 276-77.

Jones also asks the court to allow the appointment of counsel on his "untimely" and "successor" petition, on grounds of fundamental fairness. Before considering the fundamental fairness question, we point out that this is by Jones' own admission his *sixth* postconviction petition and that the Post-Conviction Hearing Act contemplates the filing of only one petition. *Flores*, 153 Ill. 2d at 273; *People v. Free*, 122 Ill. 2d 367, 375, 522 N.E.2d 1184 (1988).

Section 122—3 of the Act provides that "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122—3 (West 1998). "Furthermore, a ruling on an initial post-conviction petition has *res judicata* effect with

respect to all claims that were raised or could have been raised in the initial petition. [Citations.] As a consequence, a defendant faces a daunting procedural hurdle when bringing a successive post-conviction petition." *Jones*, 191 Ill. 2d at 198, 738 N.E.2d at 28.

As the *Flores* court noted:

> "The filing of successive post-conviction petitions sets up two competing interests. On the one hand, there is the State's interest in providing a forum for the vindication of petitioner's constitutional rights. On the other hand, the State has a legitimate interest in the finality of criminal litigation and judgments. 'Without finality, the criminal law is deprived of much of its deterrent effect.' (*Teague v. Lane* (1989), 489 U.S. 288, 309, 103 L. Ed. 2d 334, 355, 109 S. Ct. 1060, 1074.)" *Flores*, 153 Ill. 2d at 274, 606 N.E.2d at 1083.

Although the procedural bars of waiver and *res judicata* generally contribute to the finality of criminal litigation, where fundamental fairness so requires, strict application of these procedural laws has been relaxed. *Flores*, 153 Ill. 2d at 274. Thus, the court has permitted defendants to file a successive petition when the proceedings on the initial petition are deficient in some fundamental way. *People v. Holman*, 191 Ill. 2d 204, 730 N.E.2d 39 (2000). Nonetheless, we do not have to consider whether fundamental fairness would allow relaxation of procedural bars where those claims are not cognizable constitutional deprivations. See *Jones*, 191 Ill. 2d at 359.

Moreover, because postconviction relief extends only to deprivations of constitutional rights that occurred at the proceedings which resulted in Jones' conviction and because Jones has not raised any constitutional claim in his latest postconviction petition, he cannot show that any of the previous postconviction proceedings were deficient in some fundamental way. Accordingly, we hold that Jones is procedurally barred from bringing this petition on the fitness issue and the question of postconviction counsel's failure to amend a previous petition.

While this appeal was pending the United States Supreme Court decided *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). Jones then asked and was granted leave to cite *Apprendi* as supplemental authority, arguing that the decision should apply retroactively to his sixth postconviction petition.

The United States Supreme Court in *Apprendi* held that " 'under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven be-

yond a reasonable doubt.' " *Apprendi*, 530 U.S. at 476, 147 L. Ed. 2d at 446, 120 S. Ct. at 2355, quoting *Jones v. United States*, 526 U.S. 227, 243 n.6, 143 L. Ed. 2d 311, 326 n.6, 119 S. Ct. 1215, 1224 n.6 (1999).

Jones contends that *Apprendi* renders his 80-year extended-term sentence unconstitutional. In response the State argues that Jones' sentence is not unconstitutional under *Apprendi* and that *Apprendi* does not apply retroactively to cases on review from the dismissal of a postconviction petition.

Since the *Apprendi* decision was handed down several divisions of the First District have considered whether *Apprendi* applies retroactively to cases on collateral review. The third division of the First District in *People v. Beachem*, 317 Ill. App. 3d 693 (2000), concluded that *Apprendi* applies retroactively to a timely filed postconviction petition. *Beachem*, 317 Ill. App. 3d at 703-04. In *People v. Kizer*, 318 Ill. App. 3d 238 (2000), the first division of the First District held that *Apprendi* does not apply retroactively to cases on collateral review. Both *Kizer* and *Beachem* reviewed the same question but came away with different conclusions. Both opinions analyzed *People v. Flowers*, 138 Ill. 2d 218, 561 N.E.2d 674 (1990).

In *Flowers*, our supreme court determined the circumstances in which new constitutional rules could be retroactively applied to cases on collateral review. Pointing out that petitions filed under our Post-Conviction Hearing Act are similar to *habeas corpus* proceedings, the court looked at *Teague v. Lane*, 489 U.S. 288, 103 L. Ed. 2d 334, 109 S. Ct. 1060 (1989). *Teague* pronounced the rule that decisions establishing new constitutional rules of criminal procedure are generally not applied retroactively to cases pending on collateral review unless the new rule either places " 'certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe' [citation]" or "requires the observance of 'those procedures that ... are "implicit in the concept of ordered liberty" ' [citations]." *Teague*, 489 U.S. at 311, 103 L. Ed. 2d at 356, 109 S. Ct. at 1075-76.

The question at issue in *Flowers* was whether the court's decision in *People v. Reddick*, 123 Ill. 2d 184, 526 N.E.2d 141 (1988), should be applied retroactively to cases on collateral review. The *Reddick* decision essentially changed the law with regard to the burden of proof and the elements of voluntary manslaughter. After applying *Teague* to the court's previous decision in *People v. Reddick*, the *Flowers* court declined to retroactively apply *Reddick* to cases on collateral review. In reviewing *Reddick* under the constraints of *Teague*, our supreme court concluded that the first exception to the general rule did not apply and the second exception would not permit the *Reddick* decision to be ap-

plied retroactively to cases on collateral review because *Reddick* did not establish such a basic component of due process so as to fall within the second *Teague* exception. *Flowers*, 138 Ill. 2d at 242.

*Kizer* reviewed the holding in *Flowers* while pointing out how narrowly our supreme court has interpreted the exceptions to the *Teague* decision. The *Kizer* court then concluded that *Apprendi* does not retroactively apply to the review of postconviction petitions. *Kizer*, 318 Ill. App. 3d at 252.

The *Beachem* court, in reaching a conclusion opposite to *Kizer*, distinguished *Flowers* in the following way:

> "In *Flowers*, the Illinois Supreme Court held *People v. Reddick*, 123 Ill. 2d 184, 526 N.E.2d 141 (1988), did not apply to cases on collateral review. The *Reddick* court had found unconstitutional jury instructions which erroneously stated the burden of proof for voluntary manslaughter mitigating mental states. The *Flowers* court recognized *Reddick* involved a 'grave' jury instruction error 'of constitutional dimension' (*Flowers*, 138 Ill. 2d at 236-37), but declined to place a *Reddick* error within *Teague*'s second exception: 'This exception must be narrowly construed and we do not believe that the *Reddick* rule established such a component of basic due process so as to fall within it.' *Flowers*, 138 Ill. 2d at 242.
>
> *Reddick* discussed the constitutional obligation of the jury to follow the trial judge's instructions (see *People v. Jenkins*, 69 Ill. 2d 61, 66-67, 370 N.E.2d 532 (1977)), but, unlike \*\*\* *Apprendi*, it did not implicate the right to a jury verdict beyond a reasonable doubt and, consequently, the fundamental fairness and accuracy concerns inherent in the second *Teague* exception.
>
> *Apprendi* tells us we deal with 'constitutional protections of surpassing importance.' *Apprendi*, 530 U.S. at 476, 147 L. Ed. 2d at 447, 120 S. Ct. at 2355. The reasonable doubt standard ' "reflect[s] a profound judgment about the way in which law should be enforced and justice administered." ' *Apprendi*, 530 U.S. at 478, 147 L. Ed. 2d at 447-48, 120 S. Ct. at 2356, quoting [*In re Winship*, 397 U.S. 358, 361-62, 25 L. Ed. 2d 368, 374, 90 S. Ct. 1068, 1071 (1970).] Our jury tradition is 'an indispensable part of our criminal justice system.' *Apprendi*, 530 U.S. at 497, 147 L. Ed. 2d at 459, 120 S. Ct. at 2366. How, then, could we say we do not deal with procedures that are implicit in the concept of ordered liberty? Have we not reached 'bedrock'?" *Beachem*, 317 Ill. App. 3d at 704-06.

Relying on *Kizer*, we recently held in *People v. Scullark*, No. 1—99—1722, slip op. at 29 (March 13, 2001), that *Apprendi* claims are not cognizable on postconviction review. Neither *Beachem*, *Kizer*, nor *Scullark* addressed whether *Apprendi* applies to an untimely successive postconviction petition since each of those decisions involved

timely filed postconviction petitions. We adopt the reasoning of *Kizer* and *Scullark* and conclude that *Apprendi* does not apply to an untimely, successive postconviction petition. In the instant case we have found that Jones' sixth petition is procedurally barred for the reasons that we have outlined above. We further hold that *Apprendi* cannot be used to resurrect an otherwise procedurally barred successive postconviction petition.

Accordingly, the judgment of the trial court dismissing Jones' postconviction is affirmed.

Affirmed.

McNULTY, P.J., and COUSINS, J., concur.