# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Smith*, 2013 IL App (4th) 110220

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BRYANT U. SMITH, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-11-0220 |
| Filed<br>Modified upon denial of rehearing | March 28, 2013<br><br>May 10, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's successive postconviction petitions were properly dismissed on the ground that they were filed without leave of the trial court. |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 06-CF-1998; the Hon. Heidi N. Ladd, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Michael J. Pelletier, of Springfield, Alan D. Goldberg, and Karl H. Mundt, of Chicago, all of State Appellate Defender's Office, for appellant.

Julia Rietz, State's Attorney, of Urbana (Patrick Delfino, Robert J. Biderman, and Luke McNeill, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE HARRIS delivered the judgment of the court, with opinion.

Justices Pope and Turner concurred in the judgment and opinion.

## OPINION

¶ 1    Defendant, Bryant U. Smith, appeals from an order of the circuit court of Champaign County dismissing his second and third successive petitions for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 to 122-7 (West 2010)). We affirm.

¶ 2                    I. BACKGROUND

¶ 3    In December 2006, the State charged defendant with unlawful possession with intent to deliver 400 grams or more but less than 900 grams of a substance containing cocaine (720 ILCS 570/401(a)(2)(C) (West 2006)) and unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2006)).

¶ 4    At defendant's jury trial, the evidence showed the following. With respect to the execution of a search warrant, Champaign police officer Thomas Walker testified that around 7:13 p.m. on November 30, 2006, he assisted law-enforcement officials in securing an apartment located at 2403 North Neil Street in Champaign. No individual was present in the apartment. The east bedroom appeared to belong to adults. The room contained men's and women's clothing. Inside a nightstand drawer, Walker found a small amount of cannabis, a cell phone, various receipts, handwritten notes, and mail addressed to defendant.

¶ 5    Walker assisted another law-enforcement official in searching the bedroom closet. Walker pulled down several shoe boxes from the top shelf. Walker found a handgun in one of the shoe boxes. The shoe box was stamped "size 13." There were seven rounds of ammunition sitting next to the gun. Several of the rounds were in a magazine. Several other rounds were loose.

¶ 6    Deputy Eric Shumate testified he assisted in the search of the bedroom closet. He located a black plastic bag on the top shelf of the closet with a second plastic bag inside the black plastic bag, and a small cooler inside the second plastic bag. Inside the cooler, Shumate

-2-

found a plastic bag containing white powder. The substance later tested positive for cocaine. Shumate also found a plastic bag with a substance that later tested positive for cannabis, a razor, and a cutting agent. The big plastic bag was a gallon-sized Ziplock bag with a large amount of white powder that later tested positive for cocaine. Shumate testified that the shoes defendant wore when he was arrested were size 13 red and white sneakers. Shumate testified, based upon his training and experience, the cocaine was intended for sale given the "packaging items, the cutting agents, the scale, and the razor."

¶ 7        During the execution of the search warrant, Deputy Chad Beasley found a piece of mail addressed to defendant and Christina Estergard, the other resident of the apartment. The mail, a bank transaction notice, was addressed to the apartment the law-enforcement officials were searching.

¶ 8        Roderick Adams testified for defendant that he helped defendant move to Sherwood Court in July 2006. Defendant moved into Rochelle Humphrey's house. Humphrey testified for defendant that defendant had been living with her at 10 Sherwood Court in Champaign beginning in approximately May 2006. Adams and Humphrey testified that defendant and Estergard were friends.

¶ 9        Defendant testified that he did not live in an apartment at 2403 North Neil Street and did not know anything about the drugs and firearm in the apartment. Defendant admitted that he kept clothing and other personal effects in the apartment and he wore size 13 shoes. Defendant admitted he shared a bank account with Estergard and provided the bank the North Neil Street address.

¶ 10       The jury convicted defendant on both charges. On May 31, 2007, defendant filed a motion for new trial arguing the State failed to prove him guilty beyond a reasonable doubt. Following a hearing, the trial court denied the motion. The court sentenced defendant to 30 years in prison on the unlawful-possession-with-intent-to-deliver conviction and 7 years in prison on the unlawful-possession-of-a-weapon-by-a-felon conviction, with those sentences to be served concurrently.

¶ 11       Defendant appealed arguing the State failed to prove him guilty beyond a reasonable doubt. This court affirmed, stating the jury could have found that the State established defendant had constructive possession of the drugs and weapon. *People v. Smith*, No. 4-07-0857 (July 28, 2008) (unpublished order under Supreme Court Rule 23).

¶ 12       On August 18, 2010, defendant filed an initial *pro se* postconviction petition. Although titled "Actual Innocence Post-Conviction Petition," defendant did not assert a claim of actual innocence. Defendant alleged (1) the trial court failed to comply with Illinois Supreme Court Rule 431(b) (eff. May 1, 2007), (2) the State committed prosecutorial misconduct by failing to reveal the use of a confidential informant until sentencing, (3) ineffective assistance of trial counsel for failing to object to the alleged errors, and (4) ineffective assistance of appellate counsel for failing to raise the alleged errors on direct appeal. On November 8, 2010, the court dismissed defendant's petition as patently without merit and untimely. Defendant did not appeal from the summary dismissal of his August 2010 postconviction petition.

¶ 13       On November 29, 2010, defendant filed a "Successive Post-Conviction Petition" and an

"Amended Petition for Successive Post-Conviction Relief." The "Successive" petition alleged (1) actual innocence based on newly discovered evidence, (2) ineffective assistance of trial counsel for failing to investigate, interview, and call defendant's witnesses, and (3) the State committed prosecutorial misconduct by failing to reveal the use of a confidential informant until sentencing. Defendant attached to his "Successive" petition affidavits from Lloyd Smith, Donna Smith, Cynthia Brown, and Rochelle Humphrey stating defendant was in Danville on the date law-enforcement officers searched the apartment located at 2403 North Neil Street in Champaign. Defendant also attached his own affidavits stating he was in Danville on November 30, 2006, and did not live at 2403 North Neil Street in Champaign.

¶ 14 The "Amended Petition" was mostly a duplicate of the postconviction petition defendant filed on August 18, 2010. On February 11, 2011, the trial court dismissed the successive petitions as filed without leave of court pursuant to *People v. DeBerry*, 372 Ill. App. 3d 1056, 868 N.E.2d 382 (2007).

¶ 15 This appeal followed.

¶ 16 II. ANALYSIS

¶ 17 Defendant first argues the trial court erred in treating his "Successive Post-Conviction Petition" and "Amended Petition for Successive Post-Conviction Relief" as successive postconviction petitions instead of a motion to amend and reconsider the summary dismissal of the initial postconviction petition defendant filed on August 18, 2010. We disagree.

¶ 18 The Act sets forth a procedural mechanism through which a defendant can assert that "in the proceedings which resulted in his or her conviction there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both." 725 ILCS 5/122-1(a)(1) (West 2010). The Act provides a three-stage process for the adjudication of postconviction petitions. *People v. Boclair*, 202 Ill. 2d 89, 99, 789 N.E.2d 734, 740 (2002). At the first stage, the trial court independently assesses a defendant's petition, and if the court determines that the petition is "frivolous" or "patently without merit," the court can summarily dismiss it. 725 ILCS 5/122-2.1(a)(2) (West 2010); *People v. Edwards*, 197 Ill. 2d 239, 244, 757 N.E.2d 442, 445 (2001). If a postconviction petition is not dismissed at the first stage, it advances to the second stage, where an indigent defendant can obtain appointed counsel and the State can move to dismiss his petition. 725 ILCS 5/122-2.1(b), 122-4, 122-5 (West 2010). At the second stage, the trial court determines whether the defendant has made a substantial showing of a constitutional violation, and if a substantial showing is made, the defendant's petition proceeds to the third stage for an evidentiary hearing; if no substantial showing is made, the petition is dismissed. *Edwards*, 197 Ill. 2d at 246, 757 N.E.2d at 446.

¶ 19 "The Act is not a substitute for an appeal, but rather, is a collateral attack on a final judgment." *People v. Edwards*, 2012 IL 111711, ¶ 21, 969 N.E.2d 829. Thus, where a defendant has previously taken an appeal from a judgment of conviction, the ensuing judgment of the reviewing court will bar, under the doctrine of *res judicata*, postconviction review of all issues actually decided by the reviewing court, and any other claims that could have been presented to the reviewing court will be deemed waived. *People v. Neal*, 142 Ill.

-4-

2d 140, 146, 568 N.E.2d 808, 811 (1990); 725 ILCS 5/122-3 (West 2010) (specifically stating that "[a]ny claim *** not raised in the original or an amended petition is waived").

¶ 20    "The Act generally limits a defendant to one post-conviction petition." *People v. Holman*, 191 Ill. 2d 204, 210, 730 N.E.2d 39, 43 (2000). "Successive postconviction petitions are disfavored under the Act[,] and a defendant attempting to institute a successive postconviction proceeding, through the filing of a second or subsequent postconviction petition, must first obtain leave of court." *People v. Gillespie*, 407 Ill. App. 3d 113, 123, 941 N.E.2d 441, 451 (2010). To obtain leave of court to file a successive petition, a defendant must either demonstrate "actual innocence" or satisfy the cause-and-prejudice test codified in section 122-1(f) of the Act (725 ILCS 5/122-1(f) (West 2010)). *Edwards*, 2012 IL 111711, ¶¶ 22-23, 969 N.E.2d 829. "In this respect, section 122-1(f) of the Act acts as a procedural hurdle to any consideration of the claims in the postconviction petition." *People v. McDonald*, 405 Ill. App. 3d 131, 135, 937 N.E.2d 778, 783 (2010). Moreover, "until such time as leave is granted, a successive petition, though received or accepted by the circuit clerk, will not be considered 'filed' for purposes of further proceedings under the Act." *People v. Tidwell*, 236 Ill. 2d 150, 158, 923 N.E.2d 728, 733 (2010).

¶ 21    We review the dismissal of defendant's successive postconviction petitions *de novo*. *Edwards*, 197 Ill. 2d at 247, 757 N.E.2d at 447. We may affirm on any basis supported by the record if the judgment is correct. *People v. Johnson*, 208 Ill. 2d 118, 129, 803 N.E.2d 442, 449 (2003).

¶ 22    The trial court did not err when it treated defendant's "Successive Post-Conviction Petition" and "Amended Petition for Successive Post-Conviction Relief" as successive postconviction petitions. The petitions cite the Act in support of their claims and are labeled "Successive Post-Conviction Petition" and "Amended Petition for Successive Post-Conviction Relief." Along with the petitions, defendant filed a "Motion To Proceed in Forma Pauperis," in which he requested "that he be permitted to file the attached petitions to proceed with a Successive Post-Conviction Petition." He also moved for the appointment of counsel. In his prayer for relief, defendant asked "that he be granted leave to file the attached Successive Post-Conviction Petition." In a request directed to the clerk of the circuit court, defendant asked "this Honorable Court to please accept my handwritten successive Post-Conviction Petition."

¶ 23    Defendant is correct that a trial court has discretion to allow a defendant to amend a postconviction petition. The Act states that "[t]he court may in its discretion make such order as to amendment of the petition *** as shall be appropriate, just and reasonable and as is generally provided in civil cases." 725 ILCS 5/122-5 (West 2010). Section 2-616(a) of the Code of Civil Procedure provides that "[a]t any time *before final judgment* amendments may be allowed on just and reasonable terms." (Emphasis added.) 735 ILCS 5/2-616(a) (West 2010). Defendant filed his initial postconviction petition on August 18, 2010. Defendant did not seek leave to file an amended petition. On November 8, 2010, the trial court dismissed defendant's petition as patently without merit. An order dismissing a defendant's postconviction petition at the first stage under the Act constitutes a final judgment. 725 ILCS 5/122-2.1(a)(2) (West 2010). The order dismissing the August 2010 petition was a final judgment and defendant, thereafter, had no statutory right to amend. Therefore, given that

a defendant may not amend a postconviction petition following a first-stage dismissal, defendant's November 2010 petitions must be considered successive petitions.

¶ 24     In support of his argument, defendant relies on *People v. Scullark*, 325 Ill. App. 3d 876, 759 N.E.2d 565 (2001). In *Scullark*, the trial court summarily dismissed the defendant's postconviction petition as untimely. The defendant did not ask to amend his petition and no motion to amend or amended pleading was filed. However, the defendant did file a motion to reconsider which contained the allegations that he was free from culpable neglect in failing to file his petition in a timely manner. The court denied the defendant's motion to reconsider.

¶ 25     On appeal, the defendant argued his failure to include allegations in his postconviction petition that he was not culpably negligent should not result in dismissal of his petition. *Scullark*, 325 Ill. App. 3d at 879-80, 759 N.E.2d at 571. The *Scullark* court agreed, holding that where a defendant fails to plead his lack of culpable negligence and the trial court summarily dismisses his petition as untimely, the defendant may allege facts supporting his lack of culpable negligence in a motion to reconsider the summary dismissal. If the defendant alleges sufficient facts, the trial court must then grant leave to amend the petition even though no formal request for such leave was made. *Scullark*, 325 Ill. App. 3d at 882-83, 759 N.E.2d at 573-74.

¶ 26     Since *Scullark*, our supreme court has held the Act does not authorize the dismissal of a postconviction petition during the initial stage based on untimeliness. *Boclair*, 202 Ill. 2d at 99, 789 N.E.2d at 740. "Any allegations on those matters are irrelevant at the first stage of the proceedings." *People v. Perkins*, 229 Ill. 2d 34, 48, 890 N.E.2d 398, 406 (2007). Contrary to the holding in *Scullark*, the issue of untimeliness is left for the State to raise during second-stage proceedings and a defendant can amend his petition accordingly.

¶ 27     Here, the trial court dismissed defendant's initial postconviction petition on the grounds of untimeliness and forfeiture. Given the holding in *Boclair*, the court should not have summarily dismissed defendant's petition based on untimeliness. See *Boclair*, 202 Ill. 2d at 99, 789 N.E.2d at 740 ("We hold that the Act does not authorize the dismissal of a post-conviction petition during the initial stage based on untimeliness."). However, the court also dismissed defendant's initial petition as patently without merit based on forfeiture grounds. The court could properly dismiss the petition on forfeiture grounds. See *People v. Blair*, 215 Ill. 2d 427, 442, 831 N.E.2d 604, 614 (2005) (A trial court may summarily dismiss a postconviction petition during the first stage of postconviction proceedings based on *res judicata* and waiver.); see also *People v. Shaw*, 386 Ill. App. 3d 704, 708, 898 N.E.2d 755, 760 (2008) ("The trial court may also dismiss claims that are (1) barred by *res judicata* or (2) forfeited because the defendant could have but did not raise them in an earlier proceeding.").

¶ 28     Defendant did not file a motion to reconsider the summary dismissal of his petition and did not appeal. Instead, defendant filed his second and third successive postconviction petitions. For the reasons stated, the trial court did not err when it treated defendant's "Successive Post-Conviction Petition" and "Amended Petition for Successive Post-Conviction Relief" as successive postconviction petitions.

¶ 29     Defendant next argues the trial court erred in summarily dismissing his "Successive Post-

Conviction Petition" because it stated the gist of a claim that defendant received ineffective assistance of trial counsel where his attorney failed to investigate the basis for the search warrant. Citing *DeBerry*, the trial court in the instant case dismissed defendant's successive petitions as filed without leave of court. See *DeBerry*, 372 Ill. App. 3d at 1059-60, 868 N.E.2d at 384 (pursuant to section 122-1(f) of the Act, a defendant must first obtain leave of court before filing a successive petition, and if a defendant fails to do so, the court should dismiss any such petition); accord *Tidwell*, 236 Ill. 2d at 152, 923 N.E.2d at 730 ("We hold that the circuit court is not obliged to rule in the absence of a motion or request, but that it may do so where documents submitted by a defendant supply an adequate basis for a ruling on the threshold cause-and-prejudice question, and when the circuit court has ruled, its determination is subject to review in the appellate court."). Just as trial courts need not consider anything contained within a postconviction petition that violates section 122-1(f) of the Act, courts of review need not as well. *DeBerry*, 372 Ill. App. 3d at 1060, 868 N.E.2d at 384-85. The trial court here was authorized to dismiss defendant's successive petitions pursuant to *DeBerry*, and since they were dismissed we have nothing further to review.

¶ 30                                    III. CONCLUSION

¶ 31       For the reasons stated, we affirm the trial court's judgment. As part of our judgment, we award the state its $50 statutory assessment against defendant as costs of this appeal.


¶ 32       Affirmed.