NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210460-U

NO. 4-21-0460

IN THE APPELLATE COURT

FILED
May 16, 2022
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Vermilion County |
| ERIC WILLIAMS, | ) | No. 14CF402 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Derek J. Girton, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice Knecht and Justice Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court affirmed, holding that defendant failed to establish that he was prejudiced by his failure to raise his fitness claim in his initial postconviction petition.

¶ 2        Defendant, Eric Williams, was convicted of aggravated criminal sexual assault and sentenced to 39 years' imprisonment. On direct appeal, the appellate court affirmed his conviction. *People v. Williams*, 2018 IL App (4th) 150745-U, ¶ 38. Defendant filed an initial postconviction petition, which was summarily dismissed. The summary dismissal of the petition was affirmed on appeal. *People v. Williams*, 2019 IL App (4th) 160321-U, ¶ 24. Defendant filed a motion for leave to file a successive postconviction petition, which is the subject of the instant appeal. The trial court denied defendant leave to file his successive petition. Defendant appeals,

arguing that he established cause and prejudice with regard to his claim that he was unfit to stand trial and received ineffective assistance of trial counsel. We affirm.

¶ 3                                I. BACKGROUND

¶ 4        Following a trial in 2015, a jury found defendant guilty of two counts of aggravated criminal sexual assault (720 ILCS 5/11-1.30(a)(1), (2) (West 2014)).

¶ 5        A presentence investigation report (PSI) was prepared. Regarding defendant's physical and mental health history, the PSI stated:

> "The defendant reported he receives social security for depression. He indicated he has been diagnosed with diabetes and paranoid schizophrenia. The defendant has been prescribed medications but has not been taking them stating, 'I felt like it was the wrong one (medication).' The defendant stated he has been treated at Crosspoint and North Point Health and Wellness in Minneapolis, Minnesota. Verification has been requested but has not been received."

¶ 6        Records from the Minnesota Department of Corrections were attached to the PSI. Documentation from 2013 indicated that defendant presented with mood instability, paranoia, and hallucinations. The records indicated that defendant's stability had improved with medication. The records stated that defendant was taking Zocor, glucophage, Elavil, Loxitane, and Effexor at that time. Another document indicated that defendant had no psychological concerns in 2012 when the document was created, but it stated that a "screen" defendant completed in 2006 indicated that he had "psychiatric concerns."

¶ 7        A sentencing hearing was held, and the trial court sentenced defendant to 39 years' imprisonment on one count of aggravated criminal sexual assault. The court sentenced

defendant to 30 years' imprisonment on the second count but ordered that it was to merge with the first count.

¶ 8 On direct appeal, defendant argued that the trial court erred in restricting defense counsel's direct examination of a defense witness. *Williams*, 2018 IL App (4th) 150745-U, ¶ 28. We affirmed the judgment of the trial court. *Id.* ¶ 38.

¶ 9 On April 13, 2016, while defendant's direct appeal was pending, defendant, *pro se*, filed a postconviction petition in the trial court. In the petition, defendant argued that his constitutional rights were violated in that witnesses were permitted to testify falsely at his trial, and the State failed to correct this perjured testimony. On April 18, 2016, the trial court dismissed the postconviction petition, finding that there had been no violation of defendant's constitutional rights.

¶ 10 Defendant subsequently wrote a letter to the trial court, requesting to withdraw his postconviction petition. The letter was dated April 19, 2016, and was filed on April 26, 2016. Defendant sent a second letter to the court which was dated April 26, 2016, and filed on May 2, 2016. In the second letter, defendant requested that the court clerk file a notice of appeal concerning the dismissal of his postconviction petition. Defendant sent a third letter to the court, which was dated April 29, 2016, and filed on May 2, 2016. In the third letter, defendant stated that he had filed a "hurried" version of his postconviction petition. Defendant stated he wished to withdraw his petition because he was misguided by jailhouse lawyers, illiterate, and on psychotropic medication for hearing voices. Defendant stated that he did not know what he was doing, was in no position to waive anything concerning his direct appeal, and wished to speak to someone about the error.

¶ 11    Defendant appealed the dismissal of his postconviction petition, arguing that the trial court erred in failing to (1) characterize his third letter as a motion to reconsider the summary dismissal of his postconviction petition and (2) determine whether there was a *bona fide* doubt as to his fitness to participate in the postconviction proceedings. *Williams*, 2019 IL App (4th) 160321-U, ¶ 4. We affirmed the judgment of the trial court. *Id.* ¶ 24.

¶ 12    On July 9, 2020, defendant, *pro se*, filed a motion for leave to file a successive postconviction petition. Defendant asserted that there was cause for his failure to bring his claim in original postconviction petition because he was illiterate, schizophrenic, and on psychiatric medication for hearing voices. Defendant asserted that he was experiencing psychotic episodes at the time he filed his initial postconviction petition. With regard to prejudice, defendant asserted:

> "There is prejudice resulting from the failure to bring the claim earlier because the claim so infected my judgment of conviction that my conviction or sentence violated due process [citation]. Competency to stand trial. Defendant had a statutory right to personally demand a jury determination of fitness. The court should review the determination for an abuse of discretion. Based on my presentence report the trial court already knew that Mr. Williams had a prior diagnosis of schizophrenia and a history of delusions. [Defense counsel] did nothing to bring this to the trials court [*sic*] attention."

Defendant also argued that a speedy trial continuance by his counsel prejudiced him and constituted ineffective assistance of counsel.

¶ 13    On May 7, 2021, defendant filed a motion to amend his successive postconviction petition, asserting that medical records relating to an injury to his hand had never been presented to the court. He attached the records to his motion.

¶ 14        On May 10, 2021, a docket entry indicates that the trial court denied defendant's motion for leave to file a successive postconviction petition on the basis that defendant failed to establish cause for failing to bring the claim in his initial postconviction petition. The court stated that defendant's mental health was known to trial counsel and the court at the time of his direct appeal and initial postconviction petition. This appeal followed.

¶ 15                              II. ANALYSIS

¶ 16        On appeal, defendant argues that the trial court erred in denying him leave to file a successive postconviction petition because he established cause for failing to raise his claim that he was unfit to stand trial in his initial postconviction petition when he alleged that he was suffering from a psychotic episode and did not know what he was doing when he filed his initial petition. Defendant argues that he established prejudice "when he alleged he was unfit to stand trial and his counsel was ineffective for failing to request a fitness hearing."

¶ 17        Section 122-1(f) of the Post-Conviction Hearing Act (725 ILCS 5/122-1(f) (West 2020)) provides that only one postconviction petition may be filed without leave of court. "Leave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure." *Id.* "Cause" is shown "by identifying an objective factor that impeded [the petitioner's] ability to raise a specific claim during his or her initial post-conviction proceedings." *Id.* "Prejudice" is shown "by demonstrating that the claim not raised during [the] initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." *Id.*

¶ 18        When seeking leave to file a successive postconviction petition, a defendant need not establish cause and prejudice conclusively. *People v. Smith*, 2014 IL 115946, ¶ 29. Rather, a

motion for leave to file a successive petition will meet the requirements of section 122-1(f) of the Act if it adequately alleges facts demonstrating cause and prejudice. *Id.* ¶ 34. "In other words, the [trial] court must determine whether defendant has made a *prima facie* showing of cause and prejudice." *People v. Bailey*, 2017 IL 121450, ¶ 24. "To meet the cause-and-prejudice test for a successive petition requires the defendant to 'submit enough in the way of documentation to allow a circuit court to make that determination.' " *Smith*, 2014 IL 115946, ¶ 35 (quoting *People v. Tidwell*, 236 Ill. 2d 150, 161 (2010)).

¶ 19    "[L]eave of court to file a successive postconviction petition should be denied when it is clear, from a review of the successive petition and the documentation submitted by the petitioner, that the claims alleged by the petitioner fail as a matter of law or where the successive petition with supporting documentation is insufficient to justify further proceedings." *Id.* "The denial of a defendant's motion for leave to file a successive postconviction petition is reviewed *de novo*." *Bailey*, 2017 IL 121450, ¶ 13. "We may affirm on any basis supported by the record if the judgment is correct." *People v. Smith*, 2013 IL App (4th) 110220, ¶ 21.

¶ 20    "Due process bars the prosecution of an unfit defendant." *People v. Brown*, 236 Ill. 2d 175, 186 (2010). "A defendant is presumed to be fit to stand trial or to plead, and be sentenced. A defendant is unfit if, because of his mental or physical condition, he is unable to understand the nature and purpose of the proceedings against him or to assist in his defense." 725 ILCS 5/104-10 (West 2020). "Although a defendant's fitness is presumed by statute [citation], the circuit court has a duty to order a fitness hearing, *sua sponte,* any time a *bona fide* doubt arises regarding a defendant's ability to understand the nature and purpose of the proceedings or assist in his defense." *People v. Sandham*, 174 Ill. 2d 379, 381 (1996).

¶ 21       In the instant case, even assuming that defendant has adequately demonstrated cause for failing to raise his fitness claim in his initial postconviction petition, he has failed to show prejudice. That is, based on the record in this case and the allegations in the motion for leave to file a successive postconviction petition, we cannot say that trial counsel's failure to request a fitness hearing so infected the underlying proceedings that defendant's conviction or sentence violated due process. Neither the trial record nor the allegations in the motion for leave to file a successive postconviction petition reflect that defendant was unable to understand the nature and purpose of the proceedings against him or to assist in his defense at the time of trial or sentencing.

¶ 22       In his motion for leave to file a successive postconviction petition, defendant alleged only that the PSI indicated that he had a prior diagnosis of schizophrenia and a history of delusions and that defense counsel failed to bring this to the trial court's attention. He did not allege, either in an affidavit or in the motion for leave to file a successive petition, that he was experiencing psychiatric symptoms at the time of his trial or sentencing proceedings that interfered with his ability to understand the proceedings or assist in his defense. The 2013 records by the Minnesota Department of Corrections reflect defendant was experiencing psychiatric symptoms at a time he was not taking his medication. However, defendant's trial and sentencing were held two years later in 2015. Thus, the Minnesota records do not support defendant's argument he was unfit at the time he was tried and sentenced in the present case.

¶ 23       Regarding the PSI prepared in this case, it states only the following regarding defendant's mental health: "The defendant reported he receives social security for depression. He indicated he has been diagnosed with diabetes and paranoid schizophrenia. The defendant has been prescribed medications but has not been taking them stating 'I felt like it was the wrong one

(medication).' " Defendant's statements in the PSI do not specify whether the referenced medication had been prescribed to treat his psychiatric conditions, diabetes, or some other medical condition. Also, the PSI does not indicate defendant was experiencing any psychotic symptoms as a result of not taking his medication. Moreover, nothing in either the record or the allegations in the motion for leave to file a successive postconviction petition indicated that defense counsel had reason to believe that defendant could not understand the nature and purpose of the proceedings against him or lacked the ability to assist in his defense.

¶ 24 Thus, we find that defendant has failed to show that he was prejudiced by his failure to bring his fitness claim in his initial postconviction petition, as there is nothing in either the allegations in the motion for leave to file a successive postconviction petition or the record that "would cause us to question the general statutory presumption of fitness." *People v. Holman*, 191 Ill. 2d 204, 212 (2000). We conclude that defendant's allegations and supporting documentation are insufficient to justify further proceedings. See *Smith*, 2014 IL 115946, ¶ 35.

¶ 25      III. CONCLUSION

¶ 26 For the reasons stated, we affirm the trial court's judgment.

¶ 27 Affirmed.