(No. 73017.—

RUSSELL GEASLEN *et al.*, Appellants, v. BERKSON, GOROV & LEVIN, LTD., *et al.*, Appellees.

*Opinion filed March 18, 1993.—Modified on denial of rehearing May 28, 1993.*

224

HARRISON and McMORROW, JJ., took no part.

Robert J. Downing and Marc H. Heisler, of Miller, Forest & Downing, Ltd., of Glenview, for appellants.

Haskell & Perrin, of Chicago (John J. Lynch and Daniel P. Caswell, of counsel), for appellees.

CHIEF JUSTICE MILLER delivered the opinion of the court:

The plaintiffs, Russell Geaslen, Hazel Geaslen, Richard Geaslen, Scott Geaslen, and Sandra Geaslen, in-

dividually and as custodian for Richard L. Geaslen and Tracy Geaslen, minors, filed a complaint in the circuit court of Cook County on August 16, 1988, against defendants, Berkson, Gorov & Levin, Ltd., and Howard Levin. Plaintiffs alleged in their complaint that they sustained damage due to the depreciation of stock that was sold to defendants' clients, and later returned to plaintiffs.

## STATEMENT OF FACTS

Burton L. Stern (Stern) and Nationwide Trust (Nationwide) negotiated with plaintiffs to purchase Triad Sales Corporation (Triad). Triad was owned and operated by plaintiffs. Defendants acted as legal counsel for Stern and Nationwide during the negotiations.

On August 16, 1985, plaintiffs entered into a purchase agreement which provided that Nationwide was to purchase all the capital stock of Triad. The purchase agreement also required defendants to deliver to plaintiffs an attorney's letter of opinion. The letter of opinion stated, in pertinent part, that "Berkson, Gorov & Levin, Ltd., [had] no reason to believe that any representation or warranty of Purchaser contained in the Agreement [was] untrue or misleading in any material respect." The purchase agreement was not made part of plaintiffs' complaint and is not included in the record.

Plaintiffs claim that Stern obtained the initial down payment used in the stock transaction by granting a security interest in the Triad stock before he acquired it. This security interest allegedly conflicted with a security interest granted to plaintiffs pursuant to the purchase agreement. Plaintiffs further allege that Stern had a history of involvement in fraudulent commercial transactions, and that Nationwide did not have sufficient capital to fulfill its future obligations under the purchase agreement.

Within two weeks after the closing date, Stern filed a petition in Federal court for relief under chapter 13 of the Bankruptcy Code. (*In re* Stern (Bankr. N.D. Ill.), No. 85—B—10870.) According to plaintiffs' complaint, the bankruptcy court found that Nationwide was the "alter ego" of Stern. Nationwide was purportedly under Stern's sole influence, domination and control. The bankruptcy court entered an order in which the shares of stock that had been transferred to Stern and/or Nationwide were transferred back to plaintiffs. Plaintiffs allege that as a result of the mismanagement of Stern and his subsequent bankruptcy, the Triad stock had become worthless.

Plaintiffs' complaint contains two counts. The first count alleges defendants were negligent in the preparation of the letter of opinion. Plaintiffs claim defendants failed to exercise a reasonable degree of care and skill to properly investigate, and make appropriate disclosures concerning, those matters contained in the letter of opinion. The second count of plaintiffs' complaint alleges defendants breached a fiduciary duty that they owed to plaintiffs. In that count, plaintiffs claim defendants undertook the highest duty of trust, confidence and fair dealing toward plaintiffs with respect to the investigations, disclosures and opinions contained in the letter of opinion. Plaintiffs claim the fiduciary duty was breached when defendants failed to properly investigate, and make appropriate disclosures concerning, those matters contained in the letter of opinion.

Defendants filed a motion to dismiss both counts of plaintiffs' complaint pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—615). Defendants' motion to dismiss claimed defendants owed no duty to plaintiffs, either fiduciary or otherwise.

The trial court granted defendants' motion, finding that defendants owed plaintiffs neither a fiduciary duty nor a duty of due care. Citing *Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 20-21, the trial court held that an attorney does not owe a duty of due care to a third party unless the third party can prove that the primary purpose and intent of the attorney-client relationship itself was to benefit or influence the third party. The trial court entered an order granting defendants' motion and dismissing both counts of plaintiffs' complaint with prejudice.

The appellate court agreed with the trial court that defendants did not owe plaintiffs a fiduciary duty, but held that defendants did owe plaintiffs a duty of due care. Although the appellate court also relied on *Pelham*, the appellate court found that the primary purpose of the letter of opinion was to benefit plaintiffs. The appellate court held that the scope of the duty that defendants assumed toward plaintiffs related to the accuracy of those matters expressed in the letter of opinion. The appellate court, however, found that plaintiffs' complaint failed to allege that the letter of opinion was materially false or misleading in any respect, an issue not raised in the trial court. Accordingly, the appellate court affirmed the circuit court's dismissal of plaintiffs' complaint with prejudice. (220 Ill. App. 3d 600.) Plaintiffs filed a petition for leave to appeal to this court and we granted the petition (134 Ill. 2d R. 315).

Defendants do not contest here the appellate court's finding that they owed plaintiffs a duty of due care in the preparation of the letter of opinion. We are, therefore, presented with the following two issues for review: (1) whether defendants owed plaintiffs a fiduciary duty; and (2) whether the appellate court erred in affirming the trial court's dismissal of count I of plaintiffs' complaint with prejudice.

## DISCUSSION

### I. Fiduciary Duty

We first consider whether defendants owed plaintiffs a fiduciary duty. Count II of plaintiffs' complaint alleges defendants breached a fiduciary duty which they owed to plaintiffs.

The trial court held there is no fiduciary relationship between an individual and the attorney for his opponent. The appellate court agreed, citing *Gold v. Vasileff* (1987), 160 Ill. App. 3d 125. In *Gold*, buyers of a grocery store brought an action against the sellers' attorney alleging that the sellers' attorney represented that sellers would comply with the terms of the contract. (*Gold*, 160 Ill. App. 3d 125.) The court held that buyers had no cause of action against sellers' attorney because the attorney could have no fiduciary duties to third parties. *Gold*, 160 Ill. App. 3d at 128.

"[A] confidential or fiduciary relationship requires a showing that one person has reposed trust and confidence in another who thereby gains a resulting influence or superiority over the other. [Citations.] Generally, this is accomplished by establishing facts showing an antecedent relationship which gives rise to trust and confidence reposed in another." (*Ray v. Winter* (1977), 67 Ill. 2d 296, 304.) A fiduciary relationship exists as a matter of law between an attorney and client. *In re Marriage of Bennett* (1985), 131 Ill. App. 3d 1050, 1056.

In the case before us, plaintiffs were represented by independent legal counsel and knew that defendants were acting in their capacity as legal counsel for the purchasers of plaintiffs' stock. Plaintiffs' relationship with defendants was limited to defendants' obligation under the purchase agreement to furnish plaintiffs with a letter of opinion concerning the sale of the Triad stock. We

find nothing in the relationship between the parties which would cause plaintiffs to repose that degree of trust and confidence in the buyers' attorneys necessary for the formation of a fiduciary relationship. Defendants' fiduciary relationship extended to their clients, who were the purchasers of the Triad stock, and not to plaintiffs. Any duty that defendants owed to plaintiffs did not arise out of a fiduciary relationship, but rather out of defendants' obligation to their clients to perform services for a third party.

Accordingly, that portion of the appellate court's judgment which affirms the trial court's dismissal of count II of plaintiffs' complaint is affirmed.

## II. Duty of Due Care

We next consider whether the appellate court properly affirmed the dismissal with prejudice of count I of plaintiffs' complaint. In their motion to dismiss, defendants alleged that they owed a duty of due care only to their clients and not to plaintiffs. The trial court agreed and dismissed count I of plaintiffs' complaint with prejudice. The appellate court disagreed, holding that defendants owed plaintiffs a duty of due care in the preparation of the letter of opinion. Defendants here do not dispute the existence of a duty of due care as defined by the appellate court and that issue is, therefore, not before us.

Plaintiffs assert that once the appellate court found a duty of care existed, it should have reversed the trial court and remanded the cause for further proceedings. The appellate court, however, considered the scope of the defendant's duty of care to relate to the accuracy of those matters expressed in the letter of opinion. The appellate court found that plaintiffs' complaint failed to allege any portion of the defendants' opinion letter was untrue. The appellate court, therefore, affirmed the trial

court's dismissal of plaintiffs' complaint with prejudice on the basis that plaintiffs failed to properly plead a breach of duty. Plaintiffs claim that the only issues properly before the appellate court were whether a fiduciary duty or a duty of due care existed between defendants and plaintiffs. Plaintiffs assert that because the issue of breach of duty was not raised in the trial court, the appellate court should not have considered this issue. We agree.

Supreme Court Rule 366(a)(5) (134 Ill. 2d R. 366(a)(5)) provides that "[i]n all appeals the reviewing court may, in its discretion, and on such terms as it deems just, *** enter any judgment and make any order that ought to have been given or made, and make any other and further orders and grant any relief *** that the case may require." However, the appellate court should not consider different theories or new questions not raised in the trial court if they might have been refuted or overcome had they been presented below. (*Hux v. Raben* (1967), 38 Ill. 2d 223, 225.) Further, the appellate court should take care that litigants are not deprived of an opportunity to present argument. (*Hux*, 38 Ill. 2d at 225.) We believe that it was inappropriate here to affirm the trial court's dismissal of plaintiffs' complaint with prejudice on the basis of a correctable pleading defect not raised in the trial court where it was likely that plaintiffs would have been granted leave to amend their complaint if the pleading defect had been found below. See *Cutsinger v. Cullinan* (1979), 72 Ill. App. 3d 527, 533.

Defendants raised the issue of breach of duty for the first time in their appellate brief. Plaintiffs were not on notice that the sufficiency of their complaint would be attacked on the grounds that it did not properly allege a breach of duty. Neither defendants' motion to dismiss nor the trial court proceedings addressed plaintiffs' alle-

gations concerning breach of duty. The appellate court's affirmance of the trial court's dismissal of plaintiffs' complaint with prejudice, therefore, denied plaintiffs any meaningful opportunity to either defend or amend their complaint. Remanding this cause to the trial court will give plaintiffs an opportunity to amend their complaint to properly allege a breach of the duty of due care that the appellate court found defendants owed to plaintiffs.

Because it has been determined that defendants did owe plaintiffs a duty of due care in the preparation of the letter of opinion, plaintiffs should now be given an opportunity to properly allege a breach of that duty. We, therefore, reverse the appellate court's affirmance of the trial court's dismissal of count I of plaintiffs' complaint with prejudice and remand this matter to the trial court for further proceedings.

### III. Economic Loss Doctrine

Defendants raised for the first time in this court the question of whether the economic loss doctrine found in *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, bars plaintiffs' claim in this case. Defendants cite as authority this court's opinion in *Collins v. Reynard*, No. 70325, filed on October 31, 1991, for the proposition that plaintiffs' claims against them are barred by the economic loss doctrine. A motion for rehearing was granted in *Collins*, and the outcome of the case changed. *Collins v. Reynard* (1992), 154 Ill. 2d 48.

This court's subsequent opinion in *Collins* defeats defendants' contention that the economic loss doctrine expressed in *Moorman* bars plaintiffs' claims in this case.

### CONCLUSION

For the reasons given, we affirm that part of the ap-

pellate court's judgment that affirms the trial court's dismissal of count II of plaintiffs' complaint. We reverse that part of the appellate court's judgment that affirms the trial court's dismissal of count I of plaintiffs' complaint with prejudice. The judgment of the circuit court is affirmed in part and reversed in part, and the cause is remanded to the circuit court for further proceedings.

*Appellate court affirmed in part*
*and reversed in part;*
*circuit court affirmed in part*
*and reversed in part;*
*cause remanded.*

JUSTICES HARRISON and McMORROW took no part in the consideration or decision of this case.