NO. 4-06-0543     Filed 5/4/07

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,  )  Appeal from
          Plaintiff-Appellee,          )  Circuit Court of
          v.                           )  Macon County
JAMES T. DeBERRY,                      )  No. 96CF1460
          Defendant-Appellant.         )
                                       )  Honorable
                                       )  Theodore E. Paine,
                                       )  Judge Presiding.
_____

          PRESIDING JUSTICE STEIGMANN delivered the opinion of

the court:

          In May 1997, a jury convicted defendant, James T.

DeBerry, of attempt (first degree murder) (720 ILCS 5/8-4(a), 9-

1(a)(1) (West 1996)) and home invasion (720 ILCS 5/12-11 (West

1996)).  The trial court later sentenced him to 20 years in

prison on each conviction, with those sentences to be served

concurrently.

          In January 2000, defendant filed a petition under the

Post-Conviction Hearing Act (725 ILCS 5/122-1 through 122-8 (West

2000)), which the trial court dismissed in February 2000.  In May

2003, defendant filed a second postconviction petition, and in

March 2006, defendant amended it.  In May 2006, the court granted

the State's motion to dismiss defendant's amended petition.

          Defendant appeals, arguing that the trial court erred

by dismissing his March 2006 amended postconviction petition.  We

disagree and affirm.

## I. BACKGROUND

At defendant's June 1997 sentencing hearing, the trial court imposed concurrent 20-year prison sentences upon defendant and directed that the truth-in-sentencing provision of the Unified Code of Corrections (730 ILCS 5/3-6-3(a)(2)(ii) (West 1996)) applied to him. Defendant appealed, and this court affirmed and remanded with directions that the trial court amend the sentencing order to reflect that defendant was entitled to day-for-day credit on his sentences because the truth-in-sentencing provision was unconstitutional. People v. DeBerry, No. 4-97-0532 (May 10, 1999) (unpublished order under Supreme Court Rule 23).

Defendant filed his initial postconviction petition in January 2000, and the trial court dismissed it in February 2000. Defendant did not appeal that dismissal.

In May 2003, defendant filed his second postconviction petition, and the trial court appointed counsel to represent him. In August 2004, the State filed a motion to dismiss defendant's second petition. In response, defendant filed a motion in May 2005 for an extension of time to file an amended postconviction petition. The State did not object, and in March 2006, defendant filed his amended petition.

In April 2006, the State filed its amended motion to dismiss defendant's successive postconviction petition. In May 2006, the trial court dismissed defendant's petition.

This appeal followed.

## II. DEFENDANT'S FAILURE TO COMPLY WITH SECTION 121-1(f) OF THE ACT

Defendant argues that the trial court erred by dismissing his March 2006 amended postconviction petition. In so arguing, defendant concedes that (1) the amended petition constituted his second postconviction petition and (2) it was untimely because it was filed well outside the time periods specified in section 122-1(c) of the Act (725 ILCS 5/122-1(c) (West 2004)). Nonetheless, he contends that these procedural hurdles did not justify the court's dismissal of his amended petition because (1) he purports to be advancing a claim of actual innocence (see section 122-1(c) of the Act) and (2) his delay in filing the petition was not due to his culpable negligence. We disagree.

### A. Standard of Review

The standard of review for a dismissal of a postconviction petition after counsel has been appointed and given an opportunity to amend a defendant's pro se petition is de novo. People v. Whitfield, 217 Ill. 2d 177, 182, 840 N.E.2d 658, 662 (2005).

When reviewing a trial court's dismissal of a

postconviction petition, we agree with the views expressed by the First District Appellate Court in People v. Lee, 344 Ill. App. 3d 851, 853, 801 N.E.2d 969, 972 (2003), that although the trial court's reasons for dismissing a petition may provide assistance to this court, we review the trial court's judgment and not the reasons given for that judgment. Thus, we will affirm the trial court on any basis supported by the record even if the trial court did not mention its reasons or reasoned incorrectly. See also People v. Sawczenko, 328 Ill. App. 3d 888, 897, 767 N.E.2d 519, 527 (2002) (a reviewing court may affirm the dismissal of a postconviction petition for any reason warranted by the record, regardless of the reasons stated by the lower court).

B. The Application of Section 122-1(f) of the Act to This Case

In describing the procedural history of this case, we have intentionally chosen not to discuss (1) the substance of the claims set forth in defendant's March 2006 amended postconviction petition, (2) the reasons advanced by the State for why that petition should be dismissed, or (3) the reasons given by the trial court for doing so. We omitted those topics because none of them matters.

Instead, the trial court properly dismissed defendant's amended petition because he failed to comply with section 122-1(f) of the Act (725 ILCS 5/122-1(f) (West 2004)), which sets forth a procedural hurdle for a defendant seeking to file a

second or successive postconviction petition.  Subsection (f),
which the legislature added to the Act on January 1, 2004, reads
as follows:

> "(f) Only one petition may be filed by a
> petitioner under this [a]rticle without leave
> of the court.  Leave of court may be granted
> only if a petitioner demonstrates cause for
> his or her failure to bring the claim in his
> or her initial post[]conviction proceedings
> and prejudice results from that failure.  For
> purposes of this subsection (f):  (1) a pris-
> oner shows cause by identifying an objective
> factor that impeded his or her ability to
> raise a specific claim during his or her
> initial post[]conviction proceedings; and (2)
> a prisoner shows prejudice by demonstrating
> that the claim not raised during his or her
> initial post[]conviction proceedings so in-
> fected the trial that the resulting convic-
> tion or sentence violated due process."  725
> ILCS 5/122-1(f) (West 2004).

In People v. Brockman, 363 Ill. App. 3d 679, 688-89,
843 N.E.2d 407, 415 (2006), the court discussed section 122-1(f)
and wrote the following:

> "The Act contemplates the filing of only one postconviction petition, and the General Assembly's purpose in enacting this statute [(section 122-1(f))] was an attempt to limit a defendant from filing frivolous petitions. Accordingly, we find the trial court could have properly dismissed defendant's successive postconviction petition on the basis that defendant had failed to obtain leave of the court before filing the petition."

Although we agree with the above, we note that the Fifth District in Brockman also wrote the following: "[Section 122-1(f)] does not specifically state that a defendant must obtain leave of the court before filing a successive petition, but that is the implication of the statute." (Emphasis in original.) Brockman, 363 Ill. App. 3d at 688, 843 N.E.2d at 415. We take the Brockman decision one step further and now hold that section 122-1(f) unequivocally requires that a defendant must obtain leave of court before filing a successive petition, and if a defendant fails to do so, the court, whether sua sponte or on the State's motion, should dismiss any such petition. In taking this action, the court need not--and should not--concern itself with the merits of any claims, contentions, or arguments that the petition contains. Section 122-1(f) constitutes a procedural hurdle to

any such consideration that the legislature has intentionally chosen to impose regarding such petitions. See also <u>People v. LaPointe</u>, 365 Ill. App. 3d 914, 921, 850 N.E.2d 893, 899 (2006) ("Until the trial court grants such leave [to a defendant under section 122-1(f) of the Act], a second or subsequent petition is not properly on file and may not be considered on its merits. To hold otherwise would be to treat section 122-1(f) as though it did not exist").

Just as trial courts should not consider anything contained within a postconviction petition that violates section 122-1(f) of the Act, courts of review should be so limited as well. Accordingly, when, as here, we are reviewing the dismissal of defendant's postconviction petition and we conclude that section 122-1(f) has been violated, we have nothing further to discuss or review. That conclusion trumps anything that defendant's petition may contain.

### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

KNECHT, J., concurs.

COOK, J., dissents.

JUSTICE COOK, dissenting:

I respectfully dissent. The trial court effectively granted defendant leave to file the petition when it went ahead and heard it. See <u>Fischer v. Senior Living Properties, L.L.C.</u>, 329 Ill. App. 3d 551, 771 N.E.2d 505 (2002). Also, the second postconviction petition was filed in May 2003. Section 122-1 was not amended to add subsection (f) until January 2004. 725 ILCS 122-1(f) (West 2004).

An appellate court may affirm on the basis of an issue not raised in the trial court, but we should be careful in doing

so.  "[T]he appellate court should not consider different theories or new questions not raised in the trial court if they might have been refuted or overcome had they been presented below." Geaslen v. Berkson, Gorov & Levin, Ltd., 155 Ill. 2d 223, 230, 613 N.E.2d 702, 705 (1993).  "[T]he appellate court should take care that litigants are not deprived of an opportunity to present argument."  Geaslen, 155 Ill. 2d at 230, 613 N.E.2d at 705.  The State gains an advantage by raising these issues for the first time in the reviewing court.  If the State had raised the issue in the trial court, the trial court may have granted leave to file the petition or allowed it to be amended.