NO. 4-06-0288     Filed 9/5/07

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Mason County |
| JAMIE L. SHIPP, | ) | No. 95CF44 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas L. Brownfield, |
| | ) | Judge Presiding. |

_____

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

In December 1995, defendant, Jamie L. Shipp, pleaded guilty to first degree murder and three counts of aggravated arson (720 ILCS 5/9-1(a)(1), 20-1.1 (West 1994)).  The trial court later sentenced him to 50 years in prison on the first degree murder conviction and 25 years in prison on each of the aggravated arson convictions, with those sentences to be served concurrently.

In December 2005, defendant pro se filed a petition under the Post-Conviction Hearing Act (725 ILCS 5/122-1 through 122-8 (West 2004)).  In March 2006, the trial court dismissed the petition, upon finding that it was frivolous and patently without merit.  Defendant appeals, and we affirm.

I. BACKGROUND

In exchange for defendant's guilty plea, the State

dismissed the other counts of first degree murder that were based upon the deaths of the two other victims who died in the trailer fire defendant pleaded guilty to setting. Although in March 1996 defendant filed pro se a motion to withdraw his guilty plea and vacate sentence, he later withdrew that motion and never filed an appeal.

In May 1997, defendant pro se filed a "petition for relief from judgment" that he described as "pursuant to the Illinois Post-Conviction Act of the Illinois Revised Statutes." In that petition, defendant alleged that he had been denied his right to effective assistance of counsel because his attorney had failed to investigate the terms of the plea agreement before advising him to plead guilty.

In July 1997, defendant pro se filed a second "petition for relief from judgment" that he again characterized as "pursuant to the Illinois Post-Conviction Act of the Illinois Revised Statutes." This petition also alleged that his trial counsel was ineffective for failing to investigate the terms of the plea agreement before advising defendant to plead guilty. Later in July 1997, the trial court dismissed defendant's petitions, upon finding that they were frivolous and patently without merit. Defendant did not appeal.

In December 2005, defendant pro se filed a petition for relief "pursuant to the Illinois Post-Conviction Act, 725 ILCS

5/122-1, et seq."  In March 2006, the trial court dismissed defendant's petition, upon finding that it was frivolous and patently without merit.  In so finding, the court noted that defendant had previously filed postconviction petitions under the Act, which the court had previously dismissed.

This appeal followed.

## II. DEFENDANT'S FAILURE TO COMPLY WITH SECTION 122-1(f) OF THE ACT

Defendant argues that the trial court erred by dismissing his December 2005 postconviction petition at the first stage of the postconviction proceedings because (1) the petition presented a gist of a meritorious claim of actual innocence; (2) the court applied the wrong standard to judging at this stage whether defendant's petition made a substantial showing of a violation of constitutional rights; (3) the petition should not be considered as a successive postconviction petition because the two previous petitions were labeled motions for relief from judgment; and (4) waiver and res judicata should not apply or, alternatively, those principles should yield to a doctrine of fundamental fairness.  We need not consider any of defendant's arguments because his petition fails to comply with section 122-1(f) of the Act.

In People v. DeBerry, 372 Ill. App. 3d 1056, 1059, 868 N.E.2d 382, 383-84 (2007), this court recently addressed section 122-1(f) of the Act, which the legislature added to the Act on

January 1, 2004. The first sentence of subsection (f) reads as follows: "Only one petition may be filed by a petitioner under this [a]rticle without leave of the court." 725 ILCS 5/122-1(f) (West 2004). We explained the import of this language in DeBerry, as follows:

> "[S]ection 122-1(f) unequivocally requires that a defendant must obtain leave of court before filing a successive petition, and if a defendant fails to do so, the court, whether sua sponte or on the State's motion, should dismiss any such petition. In taking this action, the court need not--and should not-- concern itself with the merits of any claims, contentions, or arguments that the petition contains. Section 122-1(f) constitutes a procedural hurdle to any such consideration that the legislature has intentionally chosen to impose regarding such petitions. [Cita- tion.]

> Just as trial courts should not consider anything contained within a postconviction petition that violates section 122-1(f) of the Act, courts of review should be so lim- ited as well. Accordingly, when, as here, we

are reviewing the dismissal of defendant's postconviction petition and we conclude that section 122-1(f) has been violated, we have nothing further to discuss or review. That conclusion trumps anything that defendant's petition may contain." (Emphasis in original.) DeBerry, 372 Ill. App. 3d at 1060, 868 N.E.2d at 384-85.

Defendant tries to avoid the application of DeBerry by asserting that (1) his prior petitions were not postconviction petitions under the Act but instead were petitions for relief of judgment, pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 1996)) and (2) the trial court recharacterized both of his previous section 2-1401 petitions as postconviction petitions without either warning him that such recharacterizations would subject his petitions to the restrictions on successive postconviction petitions or providing him with the opportunity to withdraw the pleadings or amend them to include all possible postconviction claims. In support of these contentions, defendant cites People v. Shellstrom, 216 Ill. 2d 45, 833 N.E.2d 863 (2005), and People v. Pearson, 216 Ill. 2d 58, 833 N.E.2d 827 (2005). We reject defendant's efforts to distinguish DeBerry.

First, the trial court did not recharacterize defen-

dant's 1996 petitions as postconviction petitions; defendant himself labeled them as such. Indeed, defendant made no mention in either petition of section 2-1401 or any other basis for relief other than the Post-Conviction Hearing Act to which those petitions referred. Defendant apparently bases his entire argument in this regard upon the title he gave to the petitions-- namely, petition for relief from judgment--but this claim falls short.

Second, even if the trial court had recharacterized defendant's earlier petitions from being brought under section 2-1401 of the Code of Civil Procedure to being postconviction petitions, none of that would matter. In People v. Adams, 373 Ill. App. 3d 991, 994, 869 N.E.2d 856, 859 (2007), the First District Appellate Court held that the supreme court's mandate in Shellstrom does not apply retroactively. We agree with the First District. The supreme court's decision in Shellstrom, by its explicit language, applies only prospectively. In particular, the Shellstrom court wrote, "we hold that, in the future, when a circuit court is recharacterizing as a first postconviction petition a pleading that a pro se litigant has labeled as a different action cognizable under Illinois law, the circuit court must" take certain action to alert the defendant about the proposed recharacterization. (Emphasis added.) Shellstrom, 216 Ill. 2d at 57, 833 N.E.2d at 870.

As in DeBerry, we have intentionally chosen not to discuss the substance of the claims set forth in defendant's December 2005 postconviction petition because the claims themselves are not properly before us. We reiterate what we said in DeBerry that "when, as here, we are reviewing the dismissal of a defendant's postconviction petition and we conclude that section 122-1(f) has been violated, we have nothing further to discuss or review." DeBerry, 372 Ill. App. 3d at 1060, 868 N.E.2d at 385.

Our dissenting colleague states that we should not allow the State to raise for the first time in this court the issue that defendant failed to obtain leave from the trial court to file a successive postconviction petition. He also criticizes the State for not raising the issue in the trial court and asserts that it gained an advantage by not doing so. Our dissenting colleague's criticism of the State is unwarranted. As our opinion points out, the trial court dismissed defendant's postconviction petition upon finding that it was frivolous and patently without merit. The trial court's determination was at the first stage of the postconviction petition process and occurred in accordance with section 122-2.1 of the Act (725 ILCS 5/122-2.1 (West 2004)). During such first-stage scrutiny, a trial court should review a petition without any State input. See People v. Jones, 211 Ill. 2d 140, 144, 809 N.E.2d 1233, 1236 (2004) (the trial court's review at the first stage "is independ-

- 7 -

ent, as the Act does not permit any further pleadings from the defendant, or any motions, responsive pleadings, or other input from the State"); People v. Gaultney, 174 Ill. 2d 410, 419, 675 N.E.2d 102, 107 (1996) ("reversal is required where the record shows that the circuit court sought or relied on input from the State when determining [at the first stage] whether the petition is frivolous").  In People v. Williams, 364 Ill. App. 3d 1017, 1022, 848 N.E.2d 254, 258 (2006), this court recently wrote that at the first stage, "the Act does not permit any further pleadings from the defendant or any motions or responsive pleadings from the State."  Accordingly, our dissenting colleague criticizes the State for not taking action the law specifically prohibits it from taking.


### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

KNECHT, J., concurs.

COOK, J., dissents.

- 8 -

JUSTICE COOK, dissenting:

I would address the ruling of the trial court. We should not allow the State to raise for the first time in this court the issue that defendant failed to obtain leave from the trial court to file a successive postconviction petition. The State gains an advantage by raising these issues for the first time in the reviewing court. "If the State had raised the issue in the trial court, the trial court may have granted leave to file the petition or allowed it to be amended." DeBerry, 372 Ill. App. 3d at 1061, 868 N.E.2d at 385 (Cook, J., dissenting). Even if the trial court denied leave to amend, raising the issue in the trial court would have saved the trial court time and effort, the purpose of section 122-1(f). If the State was dissatisfied with the trial court's ruling, it could have filed an objection after the ruling was received.