NO. 4-06-0658          Filed 3/11/08

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Macon County |
| RICKY E. DANIEL, | ) | No. 91CF526 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Scott B. Diamond, |
| | ) | Judge Presiding. |

JUSTICE MYERSCOUGH delivered the opinion of the court:

Defendant, Ricky E. Daniel, appeals the trial court's dismissal of his second postconviction petition. Defendant, however, failed to seek leave to file the petition prior to filing his successive petition. Including a request for leave to file a successive postconviction petition within the second postconviction petition does not comport with the statutory requirement that a petitioner seek leave prior to filing a successive postconviction petition (725 ILCS 5/122-1(f) (West 2006)). Therefore, we affirm.

I. BACKGROUND

In August 1991, the State charged defendant with three counts of first degree murder (Ill. Rev. Stat. 1991, ch. 38, par. 9-1(a)(1),(a)(2)) arising out of the death of Earley Mae Taylor. In November 1991, defendant entered an open plea of guilty to one

count of first degree murder in exchange for dismissal of the remaining two counts. Thereafter, in December 1991, the trial court sentenced defendant to 50 years' imprisonment. Defendant filed a motion to reconsider sentence, which the court denied. Defendant did not file a direct appeal.

In December 1993, defendant filed a pro se petition for postconviction relief. The trial court appointed counsel to represent defendant on his petition. However, in May 1994, appointed counsel moved to withdraw because defendant failed to respond to counsel's attempts to contact him by mail. In response, the State filed a motion to dismiss on the ground that defendant had abandoned his petition.

In June 1994, after notice was given to defendant, the trial court granted appointed counsel leave to withdraw. The court also granted the State's motion to dismiss the postconviction petition on the ground that defendant had abandoned his petition by failing to "respond to communications given." The clerk of the court sent to defendant, by certified mail, a copy of the June 24, 1994, docket entry. No appeal was filed.

On June 5, 2006, defendant filed his second postconviction petition. Although not noted by the parties in their respective briefs, a paragraph on page two of the postconviction petition requested leave of court to file the

successive petition. Defendant asserted the trial court committed reversible and prejudicial error by allowing postconviction counsel to withdraw and granting the State's motion to dismiss the December 1993 petition. Defendant claimed (1) counsel and the court should have known from the record that defendant suffered from borderline mental retardation and had extremely low intelligence, which prevented him from understanding written correspondence; (2) the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 through 122-8 (West 2006)) does not permit appointed counsel to withdraw; and (3) postconviction counsel operated under a conflict of interest because he had ties to trial counsel (both worked in the Public Defender's office).

On July 10, 2006, the trial court dismissed defendant's second postconviction petition as frivolous and without merit. The court also found that the dismissal of defendant's first postconviction petition on the ground of abandonment was a finding on the merits such that "the doctrines of res judicata and waiver" (better referred to as "forfeiture") applied to successive petitions. The court further found defendant failed to meet the cause-and-prejudice test required for filing a successive petition.

This appeal followed.

## II. ANALYSIS

- 3 -

When a defendant files a successive postconviction petition, section 122-3 of the Act mandates that any claim not raised in the original or amended petition is forfeited. 725 ILCS 5/122-3 (West 2006). This statutory bar is only relaxed when fundamental fairness requires. People v. Flores, 153 Ill. 2d 264, 274, 606 N.E.2d 1078, 1083 (1992). In determining whether fundamental fairness requires relaxation of the statutory bar, reviewing courts use the "cause-and-prejudice" test. 725 ILCS 5/122-1(f) (West 2006); People v. Pitsonbarger, 205 Ill. 2d 444, 459, 793 N.E.2d 609, 621 (2002). Section 122-1(f) provides as follows:

> "Only one petition may be filed by a petitioner under this [a]rticle without leave of the court. Leave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post[]conviction proceedings and prejudice results from that failure. For purposes of this subsection (f): (1) a prisoner shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post[]conviction proceedings; and (2) the prisoner shows prejudice by

- 4 -

demonstrating that the claim not raised during his or her initial post[]coinviction proceedings so infected the trial that the resulting conviction or sentence violated due process."  725 ILCS 5/122-1(f) (West 2006).
See also People v. Morgan, 212 Ill. 2d 148, 153-54, 817 N.E.2d 524, 527 (2004) (defining cause and prejudice).  In a non-death-penalty case, a showing of actual innocence may also relax the statutory bar.  Pitsonbarger, 205 Ill. 2d at 459, 793 N.E.2d at 621.  However, a defendant must seek leave of court before filing a second or successive postconviction petition.  725 ILCS 5/122-1(f) (West 2006).  This court reviews the summary dismissal of a postconviction petition de novo.  People v. Leason, 352 Ill. App. 3d 450, 452, 816 N.E.2d 747, 751 (2004) (reviewing the dismissal of a successive postconviction petition).

In his appellate brief, defendant concedes he did not seek leave to file a successive postconviction petition but argues that his petition alleged sufficient facts to establish cause and prejudice to relax the forfeiture rule.  The State argues that the failure to seek leave to file the successive petition warranted dismissal of defendant's second postconviction petition, citing People v. DeBerry, 372 Ill. App. 3d 1056, 1059, 868 N.E.2d 382, 384 (2007) (requiring that a defendant seek leave before filing a successive petition).

Neither party notes the portion of defendant's second postconviction petition that requests leave to file the successive petition. Nonetheless, this court, in DeBerry, held that leave must be obtained before the successive petition is filed, thus suggesting that a request for leave within the successive petition itself is insufficient:

> "[A] defendant must obtain leave of court before filing a successive petition, and if a defendant fails to do so, the court, whether sua sponte or on the State's motion, should dismiss any such petition. In taking this action, the court need not--and should not-- concern itself with the merits of any claims, contentions, or arguments that the petition contains. Section 122-1(f) constitutes a procedural hurdle to any such consideration that the legislature has intentionally chosen to impose regarding such petitions." (Emphasis in original.) DeBerry, 372 Ill. App. 3d at 1060, 868 N.E.2d at 384.

The DeBerry court affirmed the trial court's dismissal because the petitioner failed to seek leave to file the successive petition. DeBerry, 372 Ill. App. 3d at 1060, 868 N.E.2d at 384.

Here, although defendant requested leave within his

- 6 -

petition, he did not seek leave prior to filing his successive petition.  See People v. LaPointe, 227 Ill. 2d 39, 42, 879 N.E.2d 275, 277 (2007) (finding that a successive postconviction petition is not even deemed filed unless the trial court grants leave to file the petition).  The requirement that a party request leave separately and not within the petition is necessary because (1) the petition is not deemed filed unless leave is granted and (2) the court could easily miss the request for leave buried within a petition, as both parties apparently did in this case.  Therefore, the trial court's dismissal is affirmed.

This court also notes that currently pending legislation, House Bill 3452, seeks to amend section 122-1(f) to specifically provide that a petitioner seek leave of court prior to filing a postconviction petition.  The proposed amendment would provide as follows:

> "A petitioner must seek leave of court by
> filing a motion when he or she sends his or
> her proposed subsequent petition.  The
> circuit court must review the motion within
> 30 days of its receipt by the Circuit Court
> Clerk.  If the court grants the motion for
> leave to file the petition, the Circuit Court
> Clerk shall docket it, and the petition shall

proceed under [s]ection 122-2.1 of this [a]rticle. If the court denies the motion, the Circuit Court Clerk shall notify the petitioner by certified mail within 10 days of the entry of the order." 95th Ill. Gen. Assem., House Bill 3452, §5, 2007 Sess.

Should this pending legislation pass, it will add much needed clarity to this area of the law.

### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment. As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal.

Affirmed.

KNECHT and STEIGMANN, JJ., concur.