No. 2--07--0702     Filed:  6-10-08

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Nos.  03--CF--4602 04--CF--178 |
| LEVI E. WYLES, | ) ) ) | Honorable James K. Booras, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Levi E. Wyles, appeals an order summarily dismissing his second pro se petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122--1 et seq. (West 2004)).  He contends that he stated the gist of a meritorious claim that he was denied due process and should be allowed to withdraw his guilty pleas to several offenses.  We affirm as modified.

On June 13, 2005, per agreement, defendant pleaded guilty to two felony counts of aggravated criminal sexual abuse (720 ILCS 5/12--16(a)(2) (West 2002)) and one count of misdemeanor criminal sexual abuse (720 ILCS 5/12--15(c) (West 2004)).  In exchange, the State recommended that defendant receive concurrent 3-year prison terms for the felonies and 120 days in jail for the misdemeanor.  At the guilty-plea hearing, the trial court admonished defendant, in part,

that, after completing his prison terms, he would serve two years of mandatory supervised release (MSR). The court accepted the plea agreement and sentenced defendant accordingly.

On October 17, 2005, defendant filed his first pro se postconviction petition, raising a variety of claims, none of which related to MSR. On January 17, 2006, the trial court summarily dismissed the petition. On June 12, 2007, this court affirmed. People v. Wyles, Nos. 2--06--0192 through 2--06--0194 cons. (2007) (unpublished order under Supreme Court Rule 23).

In the interim, on May 2, 2007, defendant filed his second postconviction petition. The petition alleged as follows. When defendant was released from prison, he was told for the first time that he would have to serve four years of MSR. The addition of two years of MSR illegally modified defendant's sentences, and, had he originally been admonished that he would have to serve four years' MSR, he would not have pleaded guilty. Defendant requested that the court either reduce his MSR term to two years or allow him to withdraw his guilty pleas.

Defendant did not move separately under section 122--1(f) of the Act (725 ILCS 5/122--1(f) (West 2006)) for leave to file a second postconviction petition. However, his petition stated, "[B]ecause I could not have raised this issue up in prior proceedings coupled with the fact that this issue amounts to a substantial violation of my due process rights--I hereby pray this Honorable Court grant me leave to proceed on this Petition for Post-Conviction Relief pursuant to 725 ILCS 5/122--1(f)."

The trial court did not decide whether defendant had satisfied section 122--1(f) and was thereby entitled to file a second postconviction petition. Instead, the court ruled that the petition was frivolous and patently without merit and dismissed it on that ground. See 725 ILCS 5/122--2.1(a)(2) (West 2006). Defendant, proceeding pro se, appealed.

On appeal, defendant contends that his petition states the gist of a meritorious claim that he was denied due process. The State responds that the dismissal of the petition must be affirmed because defendant neither properly sought nor received express permission under section 122--1(f) of the Act to file a second postconviction petition. We agree with the State that defendant did not properly seek or receive permission to file his petition. However, as the dismissal was on the merits, we do not affirm it. Instead, we hold that, because defendant never met section 122--1(f)'s threshold requirement for filing his second postconviction petition, the trial court should have dismissed the petition <u>for that reason</u> without considering the merits. Therefore, we modify the judgment by entering a dismissal for failure to comply with section 122--1(f) of the Act.

Section 122--(f) states:

"Only one petition may be filed by a petitioner under this Article without leave of the court. Leave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure. For purposes of this subsection (f): (1) a prisoner shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings; and (2) a prisoner shows prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122--1(f) (West 2006).

In <u>People v. LaPointe</u>, 227 Ill. 2d 39, 45 (2007), the supreme court held that the plain import of this language is that "[a] second postconviction petition will not be considered filed until leave to file is expressly granted by the circuit court." Therefore, the submission of a second postconviction petition does not in itself trigger review on the merits. Section 122--2.1(a) of the Act

requires the trial court to review a postconviction petition on the merits within 90 days after the petition is filed and docketed (725 ILCS 5/122--2.1(a) (West 2006)). However, when a prisoner wishes to submit a successive postconviction petition, the 90-day clock does not begin running until he has obtained leave to file, and has then filed, the petition. See LaPointe, 227 Ill. 2d at 43-44.

Recently, we held that, in accordance with LaPointe, a prisoner must obtain the trial court's express leave in order to file a second postconviction petition. The trial court's consideration of the merits cannot be construed as an implicit ruling that the prisoner has met section 122--1(f)'s threshold. People v. Spivey, 377 Ill. App. 3d 146, 149-50 (2007). We also held that, because section 122--1(f) is a procedural prerequisite to obtaining review on the merits, the failure to satisfy section 122--1(f) means that the trial court need not, and indeed should not, consider the merits of the petition. Spivey, 377 Ill. App. 3d at 150; see People v. DeBerry, 372 Ill. App. 3d 1056, 1060 (2007). The same proscription applies to the reviewing courts. Spivey, 377 Ill. App. 3d at 150.

We must acknowledge, however, that our resolution of Spivey was potentially misleading in that we affirmed the trial court's judgment without modification. In Spivey, the defendant submitted a second postconviction petition without having obtained the trial court's express leave to do so. The trial court dismissed the petition as frivolous, thus subjecting it to preliminary review-- and thereby disregarding section 122--1(f). Spivey, 377 Ill. App. 3d at 147. On appeal, we concluded that the trial court had indeed jumped the gun, but we "affirmed" the trial court's order, entered under section 122--2.1(a) of the Act, which had dismissed the petition as frivolous. Spivey, 377 Ill. App. 3d at 150.

In Spivey, the precise result that LaPointe compelled was dismissal under section 122--1(f), based on procedural default--not dismissal under section 122--2.1(a)(2), based on the merits of the petition. Because the trial court erred in considering the merits of a petition that, legally speaking,

had never been filed, we did not mean our affirmance to suggest that we approved of the dismissal as frivolous. Accordingly, we now clarify our decision in Spivey, which held that, if a petition has not survived section 122--1(f), neither the trial court nor the reviewing court should concern itself with the merits of the petition.

A disposition more consistent with the analysis and rationale expressed in Spivey would have been to modify the trial court's dismissal to be based on the defendant's procedural default. This would have been more clearly consistent with the rule of law that we set forth, and it would also have avoided any possibility that the trial court's unauthorized ruling on the merits could have had a res judicata effect on the defendant's successive postconviction petition. Also, entering a dismissal on procedural grounds in a case such as Spivey reminds trial courts that they must subject successive postconviction petitions to section 122--1(f) scrutiny before reaching the merits under section 122--2.1(a). Therefore, we now confirm Spivey's holding that, if a defendant has failed to obtain the express leave of the trial court before filing a successive postconviction petition, the court must dismiss the petition under section 122--1(f) and not on the merits. If the trial court dismissed the petition on the merits, but dismissal under section 122--1(f) was compelled, then the judgment should be modified accordingly.

We return to the present case. Before submitting his second postconviction petition, defendant did not apply separately for leave under section 122--1(f) to file the petition. However, in the petition itself, defendant did specifically request leave to file and argued that he had met the cause-and-prejudice test of section 122--1(f). Although defendant did attempt to comply with section 122--1(f), we conclude that he did not do so.

In People v. Daniel, 379 Ill. App. 3d 748 (2008), the defendant submitted a second postconviction petition. He did not previously seek leave to file the petition, but he included that

request within the petition itself. The appellate court held that the contemporaneous application did not satisfy section 122--1(f). The court explained that a separate and prior application is required because (1) under section 122--1(f) and LaPointe, a second postconviction petition is not deemed filed until the trial court grants leave; and (2) the trial court may easily overlook a section 122--1(f) request that is "buried within [the] petition," as the trial court did in that case--and here. Daniel, 379 Ill. App. 3d at 751.

We follow Daniel to the extent that it holds that a prisoner who wishes to file a successive postconviction petition must first apply separately for leave before submitting the petition itself. Here, defendant did not do so, and thus he did not clear section 122--1(f)'s procedural hurdle.

We note that, in Daniel, as in Spivey, the appellate court affirmed an order dismissing the petition on the merits. For the reasons we gave in discussing Spivey, we believe that the appellate court should have modified the dismissal to one based on procedural default, not the merits. For the same reasons, we affirm the dismissal of defendant's second postconviction petition, but we modify the judgment so that the dismissal is based on defendant's procedural default and is without prejudice to the merits of the petition.

The judgment of the circuit court of Lake County is affirmed as modified.

Affirmed as modified.

BYRNE and ZENOFF, JJ., concur.