NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 180725-U

NO. 4-18-0725

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 3, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Mason County |
| JAMIE L. SHIPP, | ) | No. 95CF44 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jerry J. Hooker, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE STEIGMANN delivered the judgment of the court.
Justices Knecht and Cavanagh concurred in the judgment.

**ORDER**

¶ 1   *Held:*   The appellate court affirmed the trial court's judgment because defendant's motion
for leave to file a successive postconviction petition was properly denied.

¶ 2   This case comes to us from the trial court's denial of defendant's motion for leave
to file a successive postconviction petition. Defendant argues that (1) the trial court erroneously
denied defendant leave to file his successive postconviction petition and (2) he stated in his
successive postconviction petition a claim of actual innocence. We disagree and affirm.

¶ 3                          I. BACKGROUND

¶ 4   In December 1995, defendant, Jamie L. Shipp, pleaded guilty to first degree murder
and three counts of aggravated arson (720 ILCS 5/9-1(a)(1), 20-1.1 (West 1994)). In exchange,
the State dismissed eight other counts of first degree murder.

¶ 5   In February 1996, the trial court sentenced defendant to 50 years in prison for the

first degree murder conviction and 25 years in prison for each of the aggravated arson convictions, with all sentences to be served concurrently.

¶ 6        In May and July of 1997, defendant *pro se* filed two petitions that he described as "pursuant to the Illinois Post-Conviction Act of the Illinois Revised Statutes." Both petitions claimed ineffective assistance of counsel, and later in July 1997, the trial court dismissed the petitions upon finding they were frivolous and patently without merit. Defendant did not appeal.

¶ 7        In December 2005, defendant *pro se* filed a petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2004)). This petition claimed, among other things, that victim Daniel Irwin was clutching an electric box when found, indicating possible death by electrical shock and an alternative cause of the trailer fire that led to Irwin's death.

¶ 8        In March 2006, the trial court dismissed the petition, finding that it was frivolous and patently without merit. In so finding, the court noted that defendant had previously filed postconviction petitions under the Act, which the court had previously dismissed.

¶ 9        Defendant appealed the dismissal, and this court affirmed in September 2007, concluding that defendant failed to obtain leave of court before filing a successive postconviction petition. *People v. Shipp*, 375 Ill. App. 3d 829, 833, 875 N.E.2d 153, 155-56 (2007).

¶ 10       In July 2015, defendant *pro se* filed a petition entitled "Amount of Judgment Due," alleging he was not admonished of the three years of mandatory supervised release portion of his sentence. In August 2015, the trial court dismissed the petition as frivolous and patently without merit. In April 2018, this court vacated the trial court's ruling and remanded for admonishments pursuant to *People v. Pearson*, 216 Ill. 2d 58, 68, 833 N.E.2d 827, 832 (2005), because the trial court had recharacterized defendant's pleading as a postconviction petition. *People v. Shipp*, No. 4-15-0781 (2018) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 11 In July 2018, defendant was admonished regarding the recharacterization of his pleading, and defendant *pro se* filed an amended successive postconviction petition and a motion for leave to file a successive postconviction petition. The trial court denied defendant's motion for leave to file a successive postconviction petition.

¶ 12 In denying defendant's motion, the trial court stated as follows:

"Petitioner's successive Postconviction Petition claims a void sentence and claims actual innocence. Petitioner's claims do not allege a constitutional deprivation. Petitioner cites various news articles on arson investigations as newly discovered evidence which this Court does not find as persuasive. The news articles are not evidence showing petitioner was actually innocent. Court finds this claim frivolous and patently without merit and dismisses the claim. Petitioner claims that three concurrent convictions for aggravated arson violates [the law] and thus makes the entire sentence void. Defendant had also pled guilty to first degree murder and received a 50-year sentence.

Court finds this claim should have been raised at the previous petitions for Postconviction Relief. Court finds this claim is waived."

¶ 13 This appeal followed.

¶ 14 II. ANALYSIS

¶ 15 Defendant appeals, arguing that (1) the trial court erroneously denied defendant leave to file his successive postconviction petition and (2) he stated in his successive postconviction petition a claim of actual innocence. We disagree and affirm.

¶ 16 A. The Trial Court Correctly Denied Defendant Leave To File His Successive Postconviction Petition

¶ 17                                    1. *The Law*

¶ 18          The Act "provides a mechanism for criminal defendants to challenge their

convictions or sentences based on a substantial violation of their rights under the federal or state

constitutions." *People v. Morris*, 236 Ill. 2d 345, 354, 925 N.E.2d 1069, 1075 (2010). Relief under

the Act is available only for constitutional deprivations that occurred at the defendant's original

trial. *People v. Guerrero*, 2012 IL 112020, ¶ 14, 963 N.E.2d 909.

¶ 19          Consistent with the above principles, the "Act generally contemplates the filing of

only one postconviction petition." *People v. Ortiz*, 235 Ill. 2d 319, 328, 919 N.E.2d 941, 947

(2009). The Act expressly provides that "[a]ny claim of substantial denial of constitutional rights

not raised in the original or an amended petition is waived." 725 ILCS 5/122-3 (West 2016); see

also *People v. Pitsonbarger*, 205 Ill. 2d 444, 458, 793 N.E.2d 609, 620-21 (2002) (stating "the

procedural bar of waiver is not merely a principle of judicial administration; it is an express

requirement of the statute"). "[A] defendant faces immense procedural default hurdles when

bringing a successive postconviction petition," which "are lowered only in very limited

circumstances" because successive petitions "impede the finality of criminal litigation." *People v.

Davis*, 2014 IL 115595, ¶ 14, 6 N.E.3d 709.

¶ 20          A successive postconviction petition may be filed only if leave of court is granted.

725 ILCS 5/122-1(f) (West 2016). To that end, section 122-1(f) of the Act provides, in part, as

follows:

> "Leave of court may be granted only if a petitioner demonstrates cause for
>
> his or her failure to bring the claim in his or her initial post-conviction proceedings
>
> and prejudice results from that failure. For purposes of this subsection (f): (1) a
>
> prisoner shows cause by identifying an objective factor that impeded his or her

ability to raise a specific claim during his or her initial post-conviction proceedings; and (2) a prisoner shows prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f) (West 2016)

¶ 21   Thus, for a defendant to obtain leave to file a successive postconviction petition, both prongs of the cause-and-prejudice test must be satisfied. *Davis*, 2014 IL 115595, ¶ 14. In determining whether a defendant has established cause and prejudice, the trial court may review the " 'contents of the petition submitted.' " *People v. Gutierrez*, 2011 IL App (1st) 093499, ¶ 12, 954 N.E.2d 365 (quoting *People v. Tidwell*, 236 Ill. 2d 150, 162, 923 N.E.2d 728, 735 (2010)). "Where a defendant fails to first satisfy the requirements under section 122-1(f), a reviewing court does not reach the merits or consider whether his successive postconviction petition states the gist of a constitutional claim." *People v. Welch*, 392 Ill. App. 3d 948, 955, 912 N.E.2d 756, 762 (2009).

¶ 22                                    2. *This Case*

¶ 23   In this case, defendant alleged cause and prejudice in his petition due to his attorneys' past failure to identify the error. Defendant claims that there is cause for his failing to bring this claim earlier because he did not know he had this issue until his postconviction appellate lawyer brought it to his attention in a 2017 letter discussing the law and facts of his case.

¶ 24   However, this alleged cause is not sufficient. The Illinois Supreme Court has held that subjective failure to recognize a claim that could have been raised earlier is not cause to allow a successive postconviction petition. *People v. Evans*, 2013 IL 113471, ¶ 12, 989 N.E.2d 1096. That court concluded that subjective ignorance of the law is, as a matter of law, not an objective factor that impeded the ability of the defendant to raise his claim in the initial proceedings. *Id.* ¶ 13.

¶ 25 Following that decision, we conclude that because defendant's assertion that he could not bring his claim in the initial petition is based upon his subjective ignorance rather than an objective factor, the trial court did not err when it denied his successive postconviction petition.

¶ 26 B. Defendant Did Not State a Claim of Actual Innocence

¶ 27 1. *The Law*

¶ 28 If a defendant sets forth a claim of actual innocence, that defendant is excused from showing cause and prejudice. *Ortiz*, 235 Ill. 2d at 331. In order to set forth a claim of actual innocence, that defendant must show that the evidence in support of his claim is (1) newly discovered, (2) material and not merely cumulative, and (3) of such a conclusive character that it would probably change the result on retrial. *Id.* at 333. Evidence is newly discovered only if (1) it has been discovered since the trial and (2) the defendant could not have discovered the evidence sooner through due diligence. *Id.* at 334.

¶ 29 For claims of actual innocence, "leave of court should be granted when the petitioner's supporting documentation raises the probability that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." (Internal quotation marks omitted.) *People v. Edwards*, 2012 IL 111711, ¶ 24, 969 N.E.2d 829.

¶ 30 2. *This Case*

¶ 31 In this case, defendant attached four news articles to his petition in support of his claim of actual innocence. Defendant described the articles as "newly discovered exonerating evidence proving he is not responsible for the fire that resulted in the deaths" because the articles reveal that "fire investigators during the 90's *** provided 'expert' testimony pursuant to generally accepted fire science that is no longer considered valid in the field of fire investigation."

¶ 32 According to the factual basis for defendant's guilty plea, the State would present

"forensic evidence from the arson investigators that the fire was not of an accidental origin, that it was of an intentional nature and that this evidence was consistent with the statement given by the Defendant as to the origin and location of the fire."

¶ 33    Although the articles describe other people who were wrongly convicted, they do nothing for defendant. Even reading the articles in a charitable way, they do not state that *all* fire science testimony during the time defendant was investigated was faulty. Further, defendant does not suggest that the techniques employed in those cases were the same techniques employed in his case.

¶ 34    Defendant has merely speculated that possible changes in fire and arson forensic science may have affected the outcome of his case and has not identified with specificity (1) the evidence in his case he believed was unreliable, (2) how the science has in fact changed, (3) how the changes affected his guilty plea, or (4) how these developments show his innocence. *People v. Howery*, 2019 IL App (3d) 160603, ¶ 17, 127 N.E.3d 1074. Because defendant's claim rests on speculation, we conclude the trial court did not err when it denied him leave to file a successive postconviction petition because it could not have determined that this mere speculation would have risen to the standard articulated in *Edwards*. *Id.*; *Edwards*, 2012 IL 111711, ¶ 24.

¶ 35                                    III. CONCLUSION

¶ 36    For the reasons stated, we affirm the circuit court's judgment.

¶ 37    Affirmed.